IN THE CIRCUIT COURT OF PHELPS COUNTY, MISSOURI

| | |
|---|---|
| TERRI M. YATES,<br>      Plaintiff, | )<br>)<br>) |
| v. | )   Case No. _____ |
| SYMETRA LIFE INSURANCE CO.<br>      Defendant | )<br>)<br>)<br>) |

## PETITION

COMES NOW, Plaintiff, by and through her attorneys, Thomas, Birdsong, Mills, McBride, & Osborne, P.C., and for her Petition against Defendant states as follows:

### PARTIES, VENUE AND JURISDICTION

1. Plaintiff Terri M. Yates (hereinafter "Terri"), formerly known as Theresa M. Yates, is a resident of Phelps County, Missouri, whose address is 15961 C.R. 1130, St. James, Missouri, 65559.

2. Defendant Symetra Life Insurance Company is a foreign insurance corporation in good standing with the capacity to sue and be sued whose principal place of business is in Seattle, Washington. Pursuant to R.S.M.o. §375.26, service of process can be obtained through the office of the Missouri Director of Insurance, 301 W. High Street, Room 530, Jefferson City, MO 65101.

3. Venue is proper in Phelps County, Missouri under R.S.M.o. §508.010.

4. This Court has jurisdiction over Defendant under R.S.M.o. §506.500 because Defendant is a foreign corporation authorized and licensed to provide life insurance in the State of Missouri, and has sold life insurance in the State of Missouri.

5. This Court has subject matter jurisdiction under RSMO §478.070.

**FACTUAL BACKGROUND**

6. On or about April 1, 2011, the Plaintiff, entered into a contract with Symetra Life Insurance Company to provide insurance coverage on her spouse, Johnny Ray Yates (deceased). Said policy of life insurance was issued and delivered by Defendant in the State of Missouri and is identified as Policy Number 01-006368-00. Said policy provided coverage on the life of Johnny Ray Yates if he were to die by accidental means.

7. At all times relevant, Johnny Ray Yates' life was insured under said policy of insurance.

8. Said policy of insurance provided an accidental death benefit in the amount of Fifty Thousand ($50,000.00) for Johnny Ray Yates.

9. At all times relevant during the lifetime of Johnny Ray Yates the necessary premiums were paid and all conditions of continuing insurability were met for the accidental death portion of the policy.

10. Plaintiff Terri M. Yates was the named beneficiary under said accidental death policy.

11. Johnny Ray Yates died, as a result of an accident, on December 20, 2016.

12. The accidental death policy was in full force and effect at the time of Johnny Ray Yates' death.

Electronically Filed - Phelps - January 09, 2019 - 08:24 AM

13. Plaintiff has delivered to Defendant due notice, demand for payment, and proof of death of Johnny Ray Yates in accordance with the requirements of said accidental death policy.

14. No part of the accidental death policy has been paid, and the sum of Fifty Thousand Dollars ($50,000.00) is now due and owing to Plaintiff as beneficiary of the insurance policy.

## BREACH OF CONTRACT

15. Plaintiff restates, realleges, and incorporates by reference each and every fact and allegation set forth above and contained above as if fully, completely, and accurately set forth herein.

16. Johnny Ray Yates was covered under the accidental death portion of Policy Number 01-006368-00 purchased by Plaintiff from Defendant.

17. Defendant has failed and refused and still fails and refuses to pay Plaintiff despite Johnny Ray Yates death occurring while covered by the policy.

18. Defendant's failure to pay Plaintiff is a breach of Defendant's obligation under the policy.

19. Plaintiff has been damaged in the amount of Fifty Thousand Dollars ($50,000.00) by Defendant's failure to pay her claim.

20. Pursuant to R.S.M.o. §408.020, Plaintiff is entitled to prejudgment interest from date Plaintiff provided proof of Johnny Rays Yates' death and demanded payment under the policy.

WHEREFORE, Plaintiff prays for damage against Defendant, Symetra Life Insurance Co., in the amount of Fifty Thousand Dollars ($50,000.00) plus interest at nine percent (9%) from the date of demand of payment, and for her costs incurred and expended, and such other and further relief as the Court deems just and proper in the premise.

## **VERIFICATION**

COMES NOW Terri M. Yates and states that she is the Plaintiff in this case, that she has read the foregoing Petition, and that the factual allegations contained therein are true and correct to the best of her information, knowledge, and belief.

IN WITNESS WHEREOF, the undersigned has set her hands hereto this ___ day of 8TH January, 2019.

_____
Terri M. Yates

Subscribed and sworn before me on January 8, 2019.

TRAICE J AKINS
My Commission Expires
July 18, 2020
Phelps County
Commission #16984525

_____
Notary Public

My term expires: 7-18-20

Respectfully submitted,

THOMAS, BIRDSONG, MILLS, MCBRIDE, & OSBORNE, P.C.
1100 North Elm Street
Post Office Box 248
Rolla, MO  65402-0248

4

Electronically Filed - Phelps - January 09, 2019 - 08:24 AM

573-364-4097 (PHONE)
573-364-0664 (FAX)

Attorneys for Plaintiff

By: _____
David A. Osborne, # 64344
Email: dosborne@rollalaw.com

5