UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TERRI M. YATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19CV154 RLW |
| | ) | |
| SYMETRA LIFE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Symetra Life Insurance Company's Motion to Dismiss (ECF No. 5) and Plaintiff Terri M. Yates's Motion for Order Remanding this Case Back to the Circuit Court of Phelps County, Missouri (ECF No. 7). Defendant is opposed to the motion to remand, and that motion is fully briefed. Ms. Yates failed to submit a response within seven days in accordance with this district's local rules, *see* E.D.Mo. L.R. 4.01(B), and the time to do so has since passed.

## BACKGROUND

Plaintiff Terri M. Yates originally filed this case in state court alleging she entered into a contract with Defendant to provide insurance coverage on her spouse, Johnny Ray Yates, to provide coverage on his life in the amount of $50,000 if he were to die by accidental means. (Pet. ¶¶ 6 & 8, ECF No. 4) Ms. Yates states Mr. Yates died as the result of an accident on December 20, 2016 while the accidental spousal death benefit policy was in full force and effect. (*Id.* at ¶¶ 11-12) Ms. Yates alleges Defendant has not paid the amount due to her in accordance with the policy, and she has sued for breach of contract. (*Id.* at ¶¶ 13-14) Defendant removed the case to federal court pursuant to 28 U.S.C. § 1441(c), claiming Ms. Yates's claim is subject

to and governed by the Employee Retirement Income Security Act (ERISA) of 1974, 29 U.S.C. §§ 1001, *et seq.* (ECF No. 1) Ms. Yates moves to remand the case to state court for lack of subject matter jurisdiction.

## LEGAL STANDARD

A party may remove an action to federal court only if it could have been brought in federal court originally. *Junk v. Terminix Int'l Co*, 628 F.3d 439, 444 (8th Cir. 2010) (citing 28 U.S.C. § 1441(a)-(b)). In removal cases, the Court reviews the state court petition and the notice of removal in order to determine whether it has jurisdiction. *Branch v. Wheaton Van Lines, Inc.*, No. 4:14CV01735 AGF, 2014 WL 6461372, at *1 (E.D. Mo. Nov. 17, 2014). "Where the defendant seeks to invoke federal jurisdiction through removal, . . . it bears the burden of proving that the jurisdictional threshold is satisfied." *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). "[A] case is ordinarily not removable on federal question grounds unless the federal question is presented on the face of the plaintiff's complaint." *Kaufman v. Boone Ctr., Inc.*, No. 4:11CV286 CDP, 2011 WL 1564052, at *1 (E.D. Mo. Apr. 25, 2011). A plaintiff may move to remand the case if the district court lacks subject matter jurisdiction. *Junk*, 628 F.3d at 444 (citing 28 U.S.C. § 1447(c)). District courts are to resolve all doubts regarding federal jurisdiction in favor of remand. *Hubbard v. Federated Mut. Ins. Co.*, 799 F.3d 1224, 1227 (8th Cir. 2015).

## DISCUSSION

Ms. Yates argues the Court should remand the case because the benefit policy at issue is exempt from ERISA under the "safe harbor" provision promulgated by the Department of Labor. The so-called "safe harbor" provision, 29 C.F.R. § 2510.3-1(j), provides:

> Certain group or group-type insurance programs. For purposes of title I of the Act and this chapter, the terms "employee welfare benefit plan" and "welfare

plan" shall not include a group or group-type insurance program offered by an insurer to employees or members of an employee organization, under which

> (1) No contributions are made by an employer or employee organization;
>
> (2) Participation the program is completely voluntary for employees or members;
>
> (3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and
>
> (4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions or dues checkoffs.

According to Ms. Yates, the accidental spousal death benefit policy satisfies the first two requirements of the safe harbor provision because it was voluntary and she was the policyholder who made all contributions. Thus, she concludes the policy is not subject to ERISA and federal courts lack subject matter jurisdiction over her claim.

Defendant argues the case does not fall under the safe harbor provision in 29 C.F.R. § 2510.3-1(j). According to Defendant, the accidental spousal death benefit policy (ECF No. 7-1) was one form of insurance coverage provided for by the employer, Phelps County Bank, in its broader insurance package (ECF No. 6-1).[1] Defendant does not cite to any precedent from the Eighth Circuit, but notes other circuits have held that courts should not isolate one benefit policy from an employer's broader insurance package for the purpose of determining ERISA's applicability. *See, e.g., Gross v. Sun Life Assur. Co. of Canada*, 734 F.3d 1, 8 (1st Cir. 2013) ("[W]e see no justification for isolating the long-term disability policy from [the employer's]

---

[1] Defendant argues, and the Court agrees, that the Court can consider the attached copy of the insurance policy (ECF No. 6-1) because it is necessarily embraced by Ms. Yates's petition challenging one plan in Defendant's broader insurance policy.

- 3 -

insurance package for purposes of our ERISA inquiry. A 'plan' under ERISA may embrace one or more policies, and it strikes us as both impractical and illogical to segment insurance benefits that are treated as a single group and managed together, potentially placing some under ERISA and some outside the statute's scope.") (citations omitted); *Postma v. Paul Revere Life Ins. Co.*, 223 F.3d 533, 538 (7th Cir. 2000) ("[T]he disability policy was part of a broader benefits package maintained by [the employer] for its employees. Many aspects of that plan were financed in whole or in part by [the employer]. For purposes of determining whether a benefit plan is subject to ERISA, its various aspects ought not be unbundled."); *Gaylor v. John Hancock Mut. Life Ins. Co.*, 112 F.3d 460, 463 (10th Cir. 1997) (quoting *Smith v. Jefferson Pilot Life Ins. Co.*, 14 F.3d 562, 567 (11th Cir. 1994) ("For purposes of satisfying the safe harbor provision, [plaintiff] attempts to sever her optional disability coverage from the rest of the benefits she received through her employer's plan. 'This cannot be done because the [optional] coverage was a feature of the Plan, notwithstanding the fact that the cost of such coverage had to be contributed by the employee.'") (second alteration in original).

Based on the arguments presented by the parties, the Court finds that it has subject matter jurisdiction over the case. Even assuming Ms. Yates made the premium payments pursuant to the voluntary accidental spousal death benefit policy, Defendant is correct that the policy is part of Defendant's broader insurance package that contained benefits paid for in whole or in part by Defendant. Consequently, the accidental spousal death benefit policy is not exempt from ERISA under the safe harbor provision.

Accordingly,

- 4 -

**IT IS HEREBY ORDERED** that Plaintiff Terri M. Yates's Motion for Order Remanding This Case Back to the Circuit Court of Phelps County, Missouri (ECF No. 7) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Terri M. Yates shall show cause, in writing and no later than fourteen (14) days from the date of this Memorandum and Order, why she has failed to respond to Defendant Symetra Life Insurance Company's Motion to Dismiss (ECF No. 5). Failure to do so may result in the Court ruling on the Motion to Dismiss unopposed.

**IT IS FINALLY ORDERED** that Defendant Symetra Life Insurance Company's Motion to Dismiss (ECF No. 5) is **DENIED without prejudice** subject to refiling after Plaintiff Terri M. Yates shows cause or fails to show cause for her failure to respond to the motion.

Dated this 27th day of September, 2019.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**