## IN THE CIRCUIT COURT OF PHELPS COUNTY, MISSOURI

| | |
|---|---|
| TERRI M. YATES,<br>　　　　Plaintiff,<br><br>v.<br><br>SYMETRA LIFE INSURANCE CO.<br>　　　　Defendant | )<br>)<br>)<br>)　Case No. _____<br>)<br>)<br>)<br>) |

## PETITION

COMES NOW, Plaintiff, by and through her attorneys, Thomas, Birdsong, Mills, McBride, & Osborne, P.C., and for her Petition against Defendant states as follows:

### PARTIES, VENUE AND JURISDICTION

1. Plaintiff Terri M. Yates (hereinafter "Terri"), formerly known as Theresa M. Yates, is a resident of Phelps County, Missouri, whose address is 15961 C.R. 1130, St. James, Missouri, 65559.

2. Defendant Symetra Life Insurance Company is a foreign insurance corporation in good standing with the capacity to sue and be sued whose principal place of business is in Seattle, Washington.  Pursuant to R.S.Mo. §375.261, service of process can be obtained through the office of the Missouri Director of Insurance, 301 W. High Street, Room 530, Jefferson City, MO 65101.

3. Venue is proper in Phelps County, Missouri under R.S.Mo. §508.010, or in federal court in the Eastern District of Missouri.

4. This Court has jurisdiction over Defendant under R.S.Mo. §506.500 because Defendant is a foreign corporation authorized and licensed to provide life

insurance in the State of Missouri, and has sold life insurance in the State of Missouri.

5. This Court has subject matter jurisdiction under R.S.Mo. §478.070, or pursuant to Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001, et seq.

**FACTUAL BACKGROUND**

6. On or about April 1, 2011, the Plaintiff, entered into a contract with Symetra Life Insurance Company to provide insurance coverage on her spouse, Johnny Ray Yates (deceased).  Said policy of life insurance was issued and delivered by Defendant in the State of Missouri and is identified as Policy Number 01-006368-00. Said policy provided coverage on the life of Johnny Ray Yates if he were to die by accidental means.

7. At all times relevant, Johnny Ray Yates' life was insured under said policy of insurance.

8. Said policy of insurance provided an accidental death benefit in the amount of Fifty Thousand ($50,000.00) for Johnny Ray Yates.

9. At all times relevant during the lifetime of Johnny Ray Yates the necessary premiums were paid and all conditions of continuing insurability were met for the accidental death portion of the policy.

10. Plaintiff Terri  M. Yates was the named beneficiary under said accidental death policy.

11. Johnny Ray Yates died, as a result of an accident, on December 20, 2016.

12. The accidental death policy was in full force and effect at the time of Johnny Ray Yates' death.

13. Plaintiff has delivered to Defendant due notice, demand for payment, and proof of death of Johnny Ray Yates in accordance with the requirements of said accidental death policy.

14. After Defendant denied Plaintiff's claim, Plaintiff was not required to request an administrative appeal of that decision because:

    a.    In violation of 29 U.S.C. § 1022, no summary plan description was furnished to Plaintiff.  Plaintiff was therefore never properly notified of "the procedure to be followed in presenting claims for benefits under the plan." As a result "the exhaustion doctrine does not apply." *Back v. Danka Corp.*, 335 F.3d 790, 792 (8th Cir. 2003)

    b.    Upon information and belief, no plan document or summary plan description exists for the policy at issue in this case, and therefore no administrative appeal requirement was created in such a plan. The insurance policy at issue does not contain an administrative appeal requirement either.

    c.    The 8th Circuit has declined to create a "judicially-crafted exhaustion requirement in ERISA actions," *Conley v. Pitney Bowes*, 34 F.3d 714, 716 (8th Cir. 1994), and only "impose[s] an exhaustion requirement as a prerequisite to suit when exhaustion is "required"

        or "clearly required" under an ERISA plan." *Wert v. Liberty Life Assur. Co. of Bos.*, 447 F.3d 1060, 1065 (8th Cir. 2006).

    d.    To the extent a plan exists, it is not compliant with 29 U.S.C. § 1133 or 29 C.F.R. § 2560.503-1(f)-(g).

    e.    Because no contractual (i.e. plan-created) appeal requirement exists, Plaintiff's suit is not barred by any ERISA-related exhaustion requirement.

15. No part of the accidental death policy has been paid, and the sum of Fifty Thousand Dollars ($50,000.00) is now due and owing to Plaintiff as beneficiary of the insurance policy.

## **BREACH OF CONTRACT**

16. Plaintiff restates, realleges, and incorporates by reference each and every fact and allegation set forth above and contained above as if fully, completely, and accurately set forth herein.

17. Johnny Ray Yates was covered under the accidental death portion of Policy Number 01-006368-00 purchased by Plaintiff from Defendant.

18. Defendant has failed and refused and still fails and refuses to pay Plaintiff despite Johnny Ray Yates death occurring while covered by the policy.

19. Defendant's failure to pay Plaintiff is a breach of Defendant's obligation under the policy.

20. Plaintiff has been damaged in the amount of Fifty Thousand Dollars ($50,000.00) by Defendant's failure to pay her claim.

21. Pursuant to R.S.Mo. § 408.020, Plaintiff is entitled to prejudgment interest from date Plaintiff provided proof of Johnny Rays Yates' death and demanded payment under the policy.

22. Additionally, because Defendant caused Plaintiff to engage in substantial litigation regarding an alleged administrative exhaustion requirement when no such requirement existed, Plaintiff should be awarded a reasonable attorney's fee and costs pursuant to 29 U.S.C § 1132(g).

WHEREFORE, Plaintiff prays for damage against Defendant, Symetra Life Insurance Co., in the amount of Fifty Thousand Dollars ($50,000.00) plus interest at nine percent (9%) from the date of demand of payment, and an award of a reasonable attorney's fee and costs, and such other and further relief as the Court deems just and proper in the premise.

Respectfully submitted,

THOMAS, BIRDSONG, MILLS, MCBRIDE, & OSBORNE, P.C.
1100 North Elm Street
Post Office Box 248
Rolla, MO  65402-0248
573-364-4097 (PHONE)
573-364-0664 (FAX)

Attorneys for Plaintiff

By:   /s/ *David A. Osborne*
David A. Osborne, # 64344MO
Email:  dosborne@rollalaw.com

5