**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TERRI M. YATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-154 RLW |
| | ) | |
| SYMETRA LIFE INSURANCE CO., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This removed case is an action for accidental death benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq.[1]  Plaintiff Terry M. Yates' ("Plaintiff" or "Ms. Yates") husband Johnny Yates died from a heroin overdose on December 20, 2016.  At the time, Ms. Yates was a participant in an ERISA employee benefits group insurance policy provided by her employer. As Ms. Yates' spouse, Johnny Yates was an insured under the policy's coverages for Life Insurance and Accidental Death and Dismemberment.  After her spouse's death, Ms. Yates filed claims under both coverages. Defendant Symetra Life Insurance Company ("Symetra") paid the life insurance benefit but denied the accidental death benefit on the ground that Mr. Yates' death was excluded from coverage because it was caused "by intentionally self-inflicted injury."

---

[1]Plaintiff's state court Petition asserted a claim for breach of contract against Defendant Symetra Life Insurance Company.  (ECF No. 4.)  The Court previously denied Plaintiff's motion to remand this case to state court, rejecting her argument that the employee benefits group insurance policy at issue here is exempt from ERISA's coverage under the "safe harbor" provision, 29 C.F.R. § 2510.3-1(j).  See Mem. and Order of Sept. 27, 2019 (ECF No. 15).  Plaintiff subsequently filed an Amended Complaint asserting a claim under ERISA (ECF No. 26).

Symetra moves for summary judgment on Plaintiff's ERISA claim for accidental death benefits, asserting it is entitled to judgment based on Plaintiff's failure to exhaust administrative remedies and on the merits of the denial.  Because the Court finds that Plaintiff failed to exhaust her administrative remedies before filing suit, it will grant Symetra's motion for summary judgment on that issue to the extent it will dismiss this case without prejudice.  The Court does not reach Symetra's second argument as to the merits of the denial.  The Court will deny as moot Plaintiff's motion to strike portions of Symetra's reply brief or in the alternative for leave to file a sur-response.

**A.  Scope of Review and Legal Standards**

The general rule in cases challenging the denial of employee benefits under ERISA § 502(a)(1)(B) is that a district court reviews the plan administrator's decision de novo, unless the plan gives the administrator discretionary authority to determine participants' eligibility for benefits, in which case the court must apply the highly deferential arbitrary and capricious standard of review.  Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989); King v. Hartford Life & Acc. Ins. Co., 414 F.3d 994, 998-99 (8th Cir. 2005) (en banc).  Whether a benefits plan grants discretionary authority is determined by reference to the plan's specific language.  The Eighth Circuit requires "explicit discretion-granting language" to appear in a policy or other plan documents in order to trigger a deferential standard of review, McKeehan v. Cigna Life Ins. Co., 344 F.3d 789, 793 (8th Cir. 2003), but it does not require the policy to use the word "discretion."  Hankins v. Standard Ins. Co., 677 F.3d 830, 835 (8th Cir. 2012).  Here, the parties agree that no explicit discretion-granting language is found in the Symetra insurance policy and therefore the Court's review of Symetra's decision is de novo.

Where judicial review of the administrator's decision is de novo, the reviewing court does not give any deference to the administrator's decision and makes its own determination whether the employee is entitled to benefits under the plan.  See Davidson v. Prudential Ins. Co. of Am., 953 F.2d 1093, 1095 (8th Cir. 1992) (citing Bruch, 489 U.S. at 110-15).  The Eighth Circuit has "interpreted Bruch to mean that unless the plan language specifies otherwise, courts should construe any disputed language without deferring to either party's interpretation." Brewer v. Lincoln Nat'l Life Ins. Co., 921 F.2d 150, 153-54 (8th Cir. 1990) (quoted case omitted).  "[A] federal court may apply other aspects of the federal common law developed under ERISA to construe disputed terms in a plan[.]"  King, 414 F.3d at 998 (internal citations omitted).  A court should review the employee's claims as it would "any other contract claim." Wallace v. Firestone Tire & Rubber Co., 882 F.2d 1327, 1329 (8th Cir. 1989) (quoting Bruch, 489 U.S. at 112-13).

Admission of evidence outside the administrative record is generally discouraged on de novo review, Ferrari v. Teachers Ins. & Annuity Ass'n, 278 F.3d 801, 807 (8th Cir. 2002), although a court may admit additional evidence if the plaintiff shows good cause.  King, 414 F.3d 998; see also Davidson, 953 F.2d at 1095 (discussing factors relevant to a showing of good cause).  A showing of good cause is required "to ensure expeditious judicial review of ERISA benefit decisions and to keep district courts from becoming substitute plan administrators[.]"  Donatelli v. Home Ins. Co., 992 F.2d 763, 765 (8th Cir. 1993).

In this case, the Court will not consider the exhibits Plaintiff submitted for the first time in federal court.  The most significant of these is Plaintiff's affidavit, which was created well after this action was filed.  See Davidson, 953 F.2d at 1095 (additional evidence, created after litigation had begun, was known or should have been known to plaintiff during the

administrative proceedings).   Symetra's denial of benefits letter invited Plaintiff to submit additional documents for an administrative appeal, but she chose not to provide any further documents.

A plaintiff suing under ERISA to recover benefits due generally has the burden to prove entitlement to contractual benefits.  See Farley v. Benefit Trust Life Ins. Co., 979 F.2d 653, 658 (8th Cir. 1992).  If the insurer claims that a specific policy exclusion applies to deny the insured benefits, however, it generally must establish that the exclusion prevents coverage.  Nichols v. Unicare Life and Health Ins. Co., 739 F.3d 1176, 1182-84 (8th Cir. 2014) (citing Farley, 979 F.2d at 658).

**B.  The Administrative Record[2]**

The administrative record before the Court reveals the following facts.  The group policy that Symetra delivered to Phelps County Bank offered different types of coverage for its eligible employees and their dependents.  A copy of the Employee Benefits Insurance Certificate was submitted as Exhibit A to Symetra's Statement of Uncontroverted Material Facts (ECF No. 42-1).  As an employee of Phelps County Bank, Plaintiff was a participant in the employer-sponsored plan.  As Plaintiff's spouse, Johnny Yates was insured for Dependent Life Insurance and Accidental Death and Dismemberment coverage.

Under the Policy, Symetra will pay an Accidental Death benefit for loss of life due to "injury."  "Injury" is defined in the Policy as "accidental bodily injury which is a sudden and unforeseen event, definite as to time and place."  The Policy contains several exclusions, including that "Symetra will not pay for any loss caused wholly or partly, directly or indirectly, by: . . . intentionally self-inflicted injury, whi[le] sane."

---

[2]The Court overrules Plaintiff's objection that documents from the administrative record constitute inadmissible hearsay.

A Coroner Info Request (ECF No. 42-2) prepared by the investigating officer, Detective Meyer of the Rolla, Missouri Police Department, states that on December 20, 2016, Johnny Yates' parents discovered him discovered dead in his bedroom, lying on the floor face down. (Id. at 1.)  The Coroner Info Request states that the Detective Meyer and the acting Coroner, George Arnold, rolled Mr. Yates' body over and found a hypodermic needle.  They observed a needle plunger cap, needle cap, and medication bottle cap with a dried light brown substance. (Id. at 1-2.)

The Coroner Info Request states that "during the investigation [Detective Meyer] found that Yates was a reported heroin user." (Id. at 1.) The Coroner Info Request states that Detective Meyer "found bruising along the inside of [Mr. Yates'] forearms that was on top of veins" and "also located bruising on the right and lower left abdominal area" that Detective Meyer "suspect[ed] . . . were injection sites for heroin." (Id. at 2.)

The Coroner Info Request states that the "bed was made and the blanket was partially pulled back as if he was going to get into bed." (Id. at 1.)  Detective Meyer concluded, "Based on the evidence at hand I suspect that Yates went to his room and planned on injecting a substance, most likely heroin, right before going to bed.  Yates accidentally overdosed while sitting on the edge of the bed and fell forward on the floor, face down.  Yates then passed away due to an accidental overdose.  Blood work was requested and this investigation will remain open until Yates' blood is analyzed." (Id. at 2.)

A Toxicology Report prepared by NMS Labs of Willow Grove, Pennsylvania, states that Mr. Yates' blood tested positive for the following compounds:

| | |
|---|---|
| Codeine - Free | 9.8 ng/mL |
| Morphine - Free | 200 ng/mL |
| 6-Monoacetylmorphine - Free | 2.6 ng/mL |

(ECF No. 42-3 at 1-2.)   The Toxicology Report's Reference Comments state in part that Codeine - Free is a DEA Schedule III narcotic analgesic with central nervous system depressant activity, Morphine - Free is a DEA Schedule II narcotic analgesic, and 6-Monoacetylmorphine - Free is the 6-monoacetylated form of morphine, which is generally indicative of heroin (diacetylmorphine) use.  (Id. at 2.)

Following Mr. Yates' death, Symetra paid Plaintiff's claim for spousal life insurance benefits but denied her claim for Accidental Death benefits by letter dated June 27, 2017 (the "Denial letter") (ECF No. 42-4).  The Denial letter stated that Symetra used the State of Missouri Certificate of Death and the synopsis of investigation by coroner (the Coroner Info Request) including toxicology results in reviewing Plaintiff's claim for benefits.  (Id. at 1.)  The Denial letter stated that the Death Certificate shows Mr. Yates' cause of death as heroin overdose and then discussed the blood test results from the Toxicology Report.  (Id. at 1-2.)

The Denial letter referred to Policy's Accidental Death provision and quoted the exclusion for loss caused "wholly or partly, directly or indirectly" by "intentionally self-inflicted injury, while sane."   (Id. at 1.)   The Denial letter explained Symetra's decision to deny Accidental Death benefits as follows:

> Consumption of Heroin is a voluntary act.   Mr. Yates used Heroin and subsequently passed away while under the influence of the Heroin due to an overdose.   Under the law, when it is reasonable that the insured would have foreseen that using an illegal drug and being under the influence of Heroin could result in death or serious bodily harm, the cause of death is not accidental.  In this case, in view of the fact that the cause of death was due to the insured's intentional act of using Heroin, this event cannot be considered "accidental" or "unintentional" (see contract provisions set forth above).   Therefore, Symetra finds that the Accidental Death benefit is not payable.

The Denial letter informed Plaintiff: "You may request a review of this determination by submitting your request in writing to:

> Symetra Claims Department
> Attn: Appeals
> P.O. Box 1230
> Enfield, CT 06083
> Fax: 1-877-737-3650.
>
> We will conduct only one review of this determination.  You must submit a written request for a review within 60 days of the receipt of this letter.  Your request should state any reasons why you feel this determination is incorrect and you should include any and all comments, documents, records and/or other information that support your claim.  In particular, include evidence not already contained in your claim file to support your claim for benefits.

(ECF No. 42-4 at 3.)   Plaintiff did not submit a request for review of the determination to Symetra but instead filed this action in state court in January 2019.

## C.  Discussion

Symetra moves for summary judgment on two grounds.  First, it asserts that Plaintiff's claim for Accidental Death benefits is barred because she failed to exhaust administrative remedies as required by ERISA.  Second, it asserts that Plaintiff cannot prove its decision to deny her claim for Accidental Death benefits is wrong.  Because the Court agrees that Plaintiff's claim is barred for failure to exhaust administrative remedies, it does not reach Symetra's second argument concerning the merits of the denial.

### 1.  ERISA Claims Procedures

ERISA requires that every employee benefit plan must establish a claims procedure.  29 U.S.C. § 1133; 29 C.F.R. § 2560.503-1.  The procedure must provide for adequate written denials of claims.  29 U.S.C. § 1133(1).  An adequate written denial must provide the following information "in a manner calculated to be understood by the claimant:"

(i) The specific reason or reasons for the adverse determination;

(ii) Reference to the specific plan provisions on which the determination is based;

(iii) A description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary; [and]

(iv) A description of the plan's review procedures and the time limits applicable to such procedures[.]

29 C.F.R. § 2560.503-1(g)(1)(i)–(iv); see Chorosevic v. MetLife Choices, 600 F.3d 934, 943-44 & n.9 (8th Cir. 2010).  A plan administrator must also issue a written denial "within a reasonable period of time, but not later than 90 days after receipt of the claim by the plan."  29 C.F.R. § 2560.503-1(f)(1).

In addition to providing a plan participant sufficient notice of a denial of a claim, a benefit plan must also offer a "reasonable opportunity" for "a full and fair review" of the denial. In other words, it must allow for an administrative appeal.  29 U.S.C. § 1133(2); 29 C.F.R. § 2560.503-1(h).  As part of the review procedure, a plan administrator must provide a claimant "at least 60 days following receipt of" a denial notice to appeal the determination.  29 C.F.R. § 2560.503-1(h)(2)(i).  If the claimant timely files an appeal, the plan administrator must notify the claimant of the plan's decision on the appeal no later than 60 days after the claimant's request for review.  Id. § 2560.503-1(i)(1)(i).

2.  Administrative Exhaustion Requirement

A benefit plan participant may bring a civil action under ERISA "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  Angevine v. Anheuser–Busch Cos. Pension Plan, 646 F.3d 1034, 1037 (8th Cir. 2011) (quoting 29 U.S.C. § 1132(a)(1)(B)) (internal quotations omitted).  "Before filing in federal court, however, a claimant must exhaust the administrative remedies required under the particular ERISA plan."  Id. (citing Chorosevic v.

MetLife Choices, 600 F.3d 934, 941 (8th Cir. 2010)).  The Eighth Circuit has explained that the administrative exhaustion requirement

> serves many important purposes, including "giving claims administrators an opportunity to correct errors, promoting consistent treatment of claims, providing a non-adversarial dispute resolution process, decreasing the cost and time of claims resolution, assembling a fact record that will assist the court if judicial review is necessary, and minimizing the likelihood of frivolous lawsuits."

Id. (quoting Galman v. Prudential Ins. Co. of Am., 254 F.3d 768, 770 (8th Cir. 2001)).

Courts excuse a beneficiary from the exhaustion requirement in certain limited circumstances.  Brown v. J.B. Hunt Transp. Servs., Inc., 586 F.3d 1079, 1085 (8th Cir. 2009). ERISA participants have not been required to exhaust administrative remedies prior to filing suit when "an ERISA-governed plan fails to comply with its antecedent duty under § 1133 to provide participants with notice and review," id.; "when the available review procedures neither complied with ERISA's fiduciary review requirements nor applied to the specific claimants," Wert v. Liberty Life Assur. Co. of Boston, Inc., 447 F.3d 1060, 1064 (8th Cir. 2006); or if exhaustion of remedies would prove futile, which is a narrow exception.  Brown, 586 F.3d at 1085.

3.  The Parties' Positions

Symetra contends that Plaintiff's claim for Accidental Death benefits is barred because she did not pursue the review procedure described in the Denial Letter.  Plaintiff responds that the Policy does not contain an administrative appeal procedure and such a requirement cannot be imposed by the Denial Letter, but rather only by the Policy's terms, citing Conley v. Pitney Bowes, 34 F.3d 714, 716 (8th Cir. 1994) ("We have required exhaustion in ERISA cases only when it was required by the particular plan involved.").  Plaintiff also argues the Denial Letter's

language is permissive and does not "clearly require" her to pursue an administrative appeal prior to filing suit.

Plaintiff is correct that the Policy does not contain an administrative appeal requirement. The Policy's Claim Provision section requires, among other things, that a notice of claim be received by Symetra within "20 days after loss begins or occurs, or as soon as reasonably possible." (ECF No. 42-1 at 25.) This section also requires that Symetra must receive written proof of loss within 90 days after the date of loss. (Id.) The Policy's "General Provisions" section provides that "[l]egal action for recovery on a claim cannot be brought until at least 60 days after written proof of loss has been received by Symetra. Legal action cannot be brought following three years after the time written proof of loss must be furnished." (Id. at 28.)

As quoted above, the Denial Letter informed Ms. Yates in permissive language, "You may request a review of this determination by submitting your request in writing to [Symetra]." ) The Denial Letter also informed Ms. Yates that she "must submit a written request for a review within 60 days of the receipt of this letter. Your request should state any reasons why you feel this determination is incorrect and you should include any and all comments, documents, records and/or other information that support your claim. In particular, include evidence not already contained in your claim file to support your claim for benefits."

4. Analysis

The question presented in this case is whether ERISA requires Plaintiff to exhaust an administrative appeal provision that is contained only in a denial letter, not the plan itself, and is couched in permissive terms. For the reasons discussed below, Eighth Circuit and Eastern District of Missouri precedent leads to the conclusion that exhaustion is required in this case.

The Court finds guidance in the Eighth Circuit's decision in <u>Wert v. Liberty Life</u> <u>Assurance</u>.  Similar to the present case, the insurer in <u>Wert</u> "provided notice of a contractual right of review" in a denial letter that stated permissively:

> Under the Employee Retirement Income Security Act of 1974 (ERISA), *you may request a review* of this denial by writing to the Liberty Life Assurance Company of Boston representative signing this letter. The written request for review must be sent within 60 days of the receipt of this letter and state the reasons why you feel your claim should not have been denied.

<u>Wert</u>, 447 F.3d at 1061 (emphasis added).  Unlike the present case, however, the plan in <u>Wert</u> included a review procedure that was also stated in permissive terms.

The plaintiff in <u>Wert</u> took advantage of the appeal procedure referenced in the denial letter and the insurer, Liberty, reversed its decision under the plan's "own occupation" disability provision.  <u>Id.</u> at 1061-62.  Several years later, the insurer notified Wert by letter that she was not eligible for continuing benefits under the plan's "any occupation" disability provision and again referenced the availability of a contractual review process, using the language "you may request a review" and providing a deadline for such a request.  <u>Id.</u> at 1062.  Wert "elected not to pursue review as permitted under the contract following receipt of the second letter" and instead filed suit alleging a wrongful denial of benefits.  <u>Id.</u>  The district court granted summary judgment to the insurer on the basis that Wert failed to exhaust her contractual remedies because she did not take advantage of the review procedure.  On appeal, Wert argued the letter's language was permissive or optional rather than mandatory ("you may request a review"), and emphasized that "no language in the letters, the certificate of coverage, or the summary Plan description provided explicit notice" that exhaustion of contractual review procedures was required prior to bringing suit.  <u>Id.</u> at 1062.

The Eight Circuit affirmed, holding that "exhaustion of contractual remedies is required in the context of a denial of benefits action under ERISA when there is available to a claimant a contractual review procedure that is in compliance with 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503–1(f) and (g)." Wert, 447 F.3d at 1063. The Court of Appeals broadly stated, "This exhaustion requirement applies so long as the employee has notice of the procedure, even if the plan, insurance contract, and denial letters do not explicitly describe the review procedure as mandatory or as a prerequisite to suit." Id.

In reaching its decision in Wert, the Eighth Circuit surveyed its prior ERISA precedents. In particular, it distinguished and explained Conley from the issue before it, stating that Conley "did not turn on the inadequacy of specific language in a contract or denial letter regarding the necessity of exhaustion. Rather, Conley turned on the failure of the plan administrator to provide notice, as required by the plan, that review was available." Wert, 447 F.3d at 1063. In the present case, Plaintiff does not claim she was not provided notice that review of the denial was available. As a result, Plaintiff's reliance on Conley for the proposition that the Eighth Circuit has "required exhaustion in ERISA cases only when it was required by the particular plan involved" does not bear the weight she places on it. The quoted language from Conley is also further discussed below.

The Eighth Circuit also analyzed Kinkead v. Southwestern Bell Corp. Sickness & Accident Disability Benefit Plan, 111 F.3d 67 (8th Cir. 1997), which held that a claimant was required to exhaust a review procedure described in permissive terms in a denial letter. Kinkead's holding squarely defeats Plaintiff's second argument, that she was not required to exhaust the administrative remedy because Symetra's Denial Letter was permissively worded. The claimant in Kinkead argued that Conley stood for the proposition that the lack of an express

statement regarding exhaustion made notice to the claimant deficient.   The Eighth Circuit
explained it rejected that interpretation of <u>Conley</u> in the <u>Kinkead</u> case:

> Kinkead argues that she was entitled to a clear statement that she must exhaust
> this review procedure.  But neither the statute, the Department's regulations, nor
> any prior case imposes such a notice requirement.   *Given the practical reasons
> favoring exhaustion, claimants with notice of an available review procedure
> should know that they must take advantage of that procedure if they wish to bring
> wrongful benefit denial claims to court.*

<u>Wert</u>, 447 F.3d at 1064-65 (quoting <u>Kinkead</u>, 111 F.3d at 69) (emphasis added).

Citing multiple cases, the Eighth Circuit then observed that "[c]ases since <u>Kinkead</u> have
consistently imposed an exhaustion requirement where there is notice and where there is no
showing that exhaustion would be futile."   <u>Wert</u>, 447 F.3d at 1065.   It also commented, "We
have . . . repeatedly stated that we impose an exhaustion requirement as a prerequisite to suit
when exhaustion is 'required' or 'clearly required' under an ERISA plan," specifically in:

> <u>Burds</u> [v. Union Pac. Corp.</u>, 223 F.3d 814, 817 (8th Cir. 2000)] ("It is well-
> established that when exhaustion is clearly required under the terms of an ERISA
> benefits plan, the plan beneficiary's failure to exhaust her administrative remedies
> bars her from asserting any unexhausted claims in federal court."); <u>Layes v. Mead
> Corp.</u>, 132 F.3d 1246, 1252 (8th Cir. 1998) ("Where a claimant fails to pursue and
> exhaust administrative remedies that are clearly required under a particular
> ERISA plan, his claim for relief is barred.") (citing <u>Conley</u>, 34 F.3d at 716 ("We
> have required exhaustion in ERISA cases only when it was required by the
> particular plan involved.")).

<u>Wert</u>, 447 F.3d at 1065.   The Eighth Circuit clarified that these prior statements were not its
holdings, however, and could not be "given consequence" to excuse a failure to exhaust:

> Importantly, the quoted passages from <u>Burds</u>, <u>Layes</u>, and <u>Conley</u>, do not
> represent holdings from our court.   As explained above, <u>Conley</u> involved an
> absence of notice regarding the availability of a review process, not the failure of
> plan language to describe the mandatory or permissive nature of that process.
> Also, in <u>Layes</u> and <u>Burds</u> we did not excuse a failure to exhaust based on the fact
> that a plan described a review procedure in permissive rather than mandatory
> terms.   In <u>Layes</u>, the plaintiff lost on summary judgment due to his failure to
> apply for salary continuation benefits in a timely manner, not due to his failure to
> exhaust a contractual review procedure.   In <u>Burds</u>, we held that exhaustion was

required under the applicable plan.   In no opinion has our court given consequence to the phrases "required" or "clearly required" to excuse a failure to exhaust.

Id. at 1065-66.  Plaintiff's reliance on the Eighth Circuit's "clearly required" language therefore cannot excuse her failure to exhaust in this case.

Following its examination of prior precedent, the Eighth Circuit decided the rationale behind the exhaustion requirement as set forth in Kinkead—"the sound policy of not wanting courts to review plan administrators' decisions based on initial, often succinct denial letters in the absence of complete records"—led to the conclusion that exhaustion was required on the facts of Wert.  Id. at 1066.  The Eighth Circuit stated, "[W]hether it is a denial letter or a plan document that uses permissive language to describe a review procedure, 'claimants with notice of an available review procedure should know that they must take advantage of that procedure if they wish to bring wrongful benefit denial claims to court.'"  Id. at 1066 (quoting Kinkead, 111 F.3d at 69).

The Eighth Circuit has not addressed a case directly on point with the instant case.  This Court, however, has held that an ERISA claim for benefits must be dismissed for failure to exhaust appeal remedies contained only in a denial letter and not in the underlying plan.  Warmbrodt v. Reliance Std. Life Ins. Co., 4:16-CV-70 SNLJ, 2016 WL 5933988 (E.D. Mo. Oct. 12, 2016).[3]  In Warmbrodt, Judge Limbaugh stated that the "exhaustion requirement applies so long as the employee has notice of the procedure, even if the plan, insurance contract, and denial letters do not explicitly describe the review procedure as mandatory or as a prerequisite to suit."  Id. at *2 (quoting Wert, 447 F.3d at 1063).  Judge Limbaugh then concluded the plaintiff had

---

[3]A court may properly take judicial notice of other proceedings in the same court.  Kern v. Tri-State Ins. Co., 386 F.2d 754, 755 (8th Cir. 1967).  The Court takes judicial notice of the record in Warmbrodt v. Reliance Std. Life Ins. Co., 4:16-CV-70 SNLJ (E.D. Mo.).  The Court has reviewed the plan at issue in Warmbrodt and finds that it does not contain an administrative appeal provision or requirement.  See 4:16-CV-70 SNLJ, ECF No. 3-7 (Ex. G).

notice of the appeal procedure because it was explained in the denial letter he received: "Although plaintiff appears to believe that the plan document itself needed to include such information, the plain language of <u>Wert</u> makes clear that if the employee has notice of the review procedure, that is sufficient."  <u>Warmbrodt</u>, 2016 WL 5933988, at *3 (citing <u>Wert</u>, 447 F.3d at 1062).

This Court's holding in <u>Warmbrodt</u> represents an extension of <u>Wert</u> and <u>Kinkead</u>, but the Court finds the holding is proper based on the Eighth Circuit's "sound policy" rationale against courts examining benefits decisions based on initial denial letters, <u>Wert</u>, 447 F.3d at 1066, and ERISA's requirement that a benefit plan offer a "reasonable opportunity" for "a full and fair review" of a denial, 29 U.S.C. § 1133(2); 29 C.F.R. § 2560.503-1.  Based on these factors, the Court concludes Plaintiff was required to exhaust the administrative appeal remedy she was given notice of in the Denial Letter, although there was no appeal provision or requirement in the Policy itself and the remedy was expressed in permissive language.

**D.  Conclusion**

For the reasons discussed above, the Court concludes that Plaintiff's failure to exhaust administrative remedies bars her claim for denial of benefits and requires the dismissal of this action.  Symetra's motion for summary judgment will be granted to the extent the Amended Complaint will be dismissed without prejudice, because Symetra's motion is based on lack of exhaustion and no party asserts futility.  <u>See Warmbrodt</u>, 2016 WL 5933988, at *3 (dismissing without prejudice for failure to exhaust); <u>see also</u> <u>Caprario v. Sodexo, Inc.</u>, 2014 WL 2637387, at *5 (W.D. Ark. June 13, 2014) (same); <u>Williams v. Hartford Life and Acc. Ins. Co.</u>, 2010 WL 3002036, at *2 (E.D. Ark. July 27, 2010) (same).  Plaintiff's Motion to Strike Defendant's Reply

Brief, or in the Alternative, Motion for Leave to File a Sur-Response to Defendant's Motion for Summary Judgment will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Symetra Life Insurance Company's Motion for Summary Judgment (ECF No. 40) is **GRANTED** to the extent this action is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Defendant's Reply Brief, or in the Alternative, Motion for Leave to File a Sur-Response to Defendant's Motion for Summary Judgment (ECF No. 50) is **DENIED as moot**.

An order of dismissal will accompany this Memorandum and Order.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 26th day of May, 2021.