**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TERRI YATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-154 RLW |
| | ) | |
| SYMETRA LIFE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This closed case is before the Court on the parties' Stipulation re: Motion for Attorney's Fees (ECF No. 72), which the Court construes as a Joint Motion for Extension of Time to File Motion for Attorney's Fees.[1]  Pursuant to E. D. Mo. Local Rule 8.02, a party seeking an award of attorney's fees must file a motion no later than twenty-one days after the entry of final judgment. Failure to do so may constitute a waiver.  <u>Id.</u>  Judgment was entered in this case on January 3, 2022.  Plaintiff's motion for attorney's fees is therefore due by January 25, 2022.  Defendant filed a notice of appeal on January 14, 2022 (ECF No. 67), and the Eighth Circuit Court of Appeals has established a briefing schedule in the case.  <u>See</u> Appeal Briefing Schedule Order, No. 21-1093 (8th Cir. Jan. 14, 2022).

The parties' Joint Motion states they are "discussing the issue of attorney's fees, with the goal of reaching an amicable mutual agreement as to all of these issues without the need for intervention by the Court."  (ECF No. 72 at 1).  The parties move the Court to extend the time for filing Plaintiff's motion for attorney's fees "until 30 days after a decision by the Eight[h] Circuit Court of Appeals."  (<u>Id.</u> at 1-2).

---

[1] <u>See</u> Rule 7(b)(1), Federal Rules of Civil Procedure ("A request for a court order must be made by motion.")

The Court encourages the informal resolution of attorney's fee issues whenever possible. That said, the interests of judicial economy and the policy of avoiding piecemeal appeals preclude granting the relief sought by the parties' Joint Motion.  The Eighth Circuit has expressed a clear preference for hearing an appeal of an order awarding attorney's fees simultaneously with an appeal regarding the substantive merits of the same case.  See, e.g., Williams v. County of Dakota, Neb., 687 F.3d 1064, 1069 (8th Cir. 2012); Maristuen v. Nat'l Ins. Co., 57 F.3d 673, 678 (8th Cir. 1995); Obin v. District No. 9, Int'l. Ass'n. of Machinists and Aerospace Workers, 651 F.2d 574, 583 (8th Cir. 1981) (suggesting, *inter alia*, that district courts adopt a local rule requiring motions for attorneys' fees to be filed within twenty-one days of final judgment); see also White v. New Hampshire Dep't of Emp. Sec., 455 U.S. 445, 454 (1982) ("the district courts generally can avoid piecemeal appeals by promptly hearing and deciding claims to attorney's fees.  Such practice normally will permit appeals from fee awards to be considered together with any appeal from a final judgment on the merits.").  If granted, the parties' Joint Motion would require a second appeal on any dispute over the attorney's fee ruling.

The Court will grant the Joint Motion to the extent Plaintiff shall have an additional period of thirty days to file her motion for attorney's fees, during which the parties are encouraged to resolve the issue between themselves.

Accordingly,

**IT IS HEREBY ORDERED** that the parties' Stipulation re: Motion for Attorney's Fees (ECF No. 72), construed as a Joint Motion for Extension of Time to File Motion for Attorney's Fees, is **GRANTED** to the extent that Plaintiff shall file any motion for attorney's fees by **February 25, 2022**, and is otherwise **DENIED**.

**IT IS FURTHER ORDERED** that any motion for attorney's fees shall be verified and shall detail the hours expended and the rate(s) charged.  No fees will be awarded for preparation of the motion for attorney's fees.


_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this <u>19th</u> day of January, 2022.