# EXHIBIT 1

**From:** Elizabeth Hopkins
**To:** Peter Sessions
**Subject:** Your ERISA Watch
**Date:** Wednesday, June 2, 2021 4:29:55 AM

View this email in your browser



**Below is a summary of this past week's notable ERISA decisions by subject matter and jurisdiction.**

*Attorneys' Fees*

Second Circuit
*Kane v. Endicott Meats, Inc.,* **No. 1:19-CV-00288-ALC-SN, 2021 WL 2183091 (S.D.N.Y. May 28, 2021)** (Mag. Judge Sarah Netburn). The court had previously granted the plaintiffs, trustees for a pension fund, summary judgment in this withdrawal liability case under ERISA. Plaintiffs moved for attorney's fees, which the court granted with slight reductions. The court approved $350 per hour for a partner and $175 and $250 per hour for two associates. The court reduced the requested hours by ten percent because some of the entries reflected mixed tasks

that included non-compensable training of the associates in the case. The court approved a total award of $12,318.50.

Ninth Circuit

<u>Cohen v. Aetna Life Ins. Co.</u>, **No. SACV-19-01506-DOC-DFM, 2021 WL 2070205 (C.D. Cal. May 18, 2021)** (Judge David O. Carter). After plaintiff prevailed on the merits, his counsel, two solo practitioners, moved for attorneys' fees. Plaintiff requested fees in the amount of $198,720 ($184,305 for fees at the time of the motion and $14,415 to prepare the reply) and costs of $2,704.80. The fees were based on hourly rates of $750 and $600. Aetna's general position was that: (1) plaintiff was not entitled to attorneys' fees; (2) the hourly rates were unreasonable because plaintiff's attorneys had not shown that they had previously charged their clients those rates and there was no need for two senior attorneys on this case; and (3) the billings were duplicative because the expended hours were unreasonably excessive in light of tasks involved, and there was not a need for two senior attorneys on the case. Plaintiff generally maintained that: (1) he was entitled to reasonable attorney's fees; (2) the hourly rates were in line with the rates of similar practitioners; (3) counsel spent a reasonable amount of time on necessary tasks; and (4) plaintiff was entitled to recover certain costs and prejudgment interest. The court held plaintiff had achieved some degree of success on the merits and thus undertook the Ninth Circuit's five-factor test to determine if fees were warranted. In doing so it found Aetna did not act in bad faith, had the ability to satisfy a fee award, an award of fees would deter Aetna from violating ERISA in the future, the suit had provided a benefit to plan participants, and the relative merits of the parties' positions favored plaintiff. It found the hourly rates to be reasonable. As for the time, it found 80.5 hours to review a 6,353 page administrative record was reasonable (0.76 minutes per page), that 29.8 hours drafting a mediation brief and attending the mediation were reasonable (including having both attorneys at the mediation), and 39.6 hours preparing an opening trial brief was reasonable. In the end, the court awarded $196,204.80 in attorney's fees, costs, and expenses.

**Class Actions**

First Circuit

<u>Turner v. Liberty Mut. Ret. Benefit Plan</u>, **No. CV 20-11530-FDS, 2021 WL 2143573 (D. Mass. May 25, 2021)** (Judge F. Dennis Saylor IV). This is a class action by former employees of Liberty Mutual who asserted that Liberty miscalculated the cost-share of their post-retirement medical benefits by excluding their years of service with Safeco before Liberty acquired Safeco. Liberty moved for summary judgment. The court found that the parties had produced competing versions of the key document in the case, the 2019 summary plan description. Because the court "cannot ascertain on this record which version of that document is genuine, or was operative at the relevant time," it found there were "genuine issues of material fact that preclude granting summary judgment, at least on the present record." Thus, the court denied Liberty's motion without prejudice to its renewal.

**Disability Benefit Claims**

Second Circuit

<u>Hinchey v. First Unum Life Ins. Co.</u>, **No. 20-1342, __ Fed. Appx. __, 2021 WL 2153722 (2d Cir. May 27, 2021)** (Before Circuit Judges Parker, Raggi, and Carney). Plaintiff appealed the district court's decision upholding the termination of his claim for ERISA-governed long-term

disability benefits. In a brief decision, the Second Circuit affirmed. The court found that Unum had not committed a procedural error in handling his claim, and thus the district court's use of the arbitrary and capricious standard of review was correct. Under this standard of review, Unum's decision was supported by substantial evidence as set forth in the district court's decision.

Eleventh Circuit

[Campbell v. Reliance Standard Life Ins. Co.](), **No. 20-13393, __ Fed. Appx. __, 2021 WL 2099810 (11th Cir. May 25, 2021)** (Before Circuit Judges Jordan, Newson, and Anderson). Plaintiff filed suit alleging Reliance wrongfully denied his claim for ERISA-governed long-term disability benefits. The district court granted summary judgment, and plaintiff appealed on the basis that Reliance failed to provide him with a full and fair review of its initial decision to deny his claim. The Eleventh Circuit affirmed, finding "[b]ased on all of the evidence – including the medical records and physician testimony that Reliance reviewed – we conclude that reasonable grounds supported Reliance's benefits decision and, thus, that the decision was not arbitrary and capricious."

**Discovery**

Third Circuit

[McCann v. Unum Provident](), **No. 11-3241, 2021 WL 2115254 (D.N.J. May 25, 2021)** (Judge Michael A. Shipp). Plaintiff filed a motion for summary judgment as to whether he was disabled under the insured ERISA plan. Defendant responded to plaintiff's motion by seeking discovery pursuant to Federal Rule of Civil Procedure 56(d), claiming that essential facts necessary to oppose the motion were not presently available. In this unpublished opinion, the court explained that when conducting a de novo review, the court's review is not limited to the evidence before the administrator. The court agreed with defendant that depositions of certain doctors and paper discovery were necessary for defendant to properly oppose plaintiff's motion.

Ninth Circuit

[Stephens v. Standard Ins. Co.](), **No. 3:20-CV-75, 2021 WL 2043098 (D. Or. May 21, 2021)** (Judge Michael H. Simon). Plaintiff sought judgment on the record with respect to her long-term disability benefits under ERISA. In support of her motion, she sought to introduce a deposition transcript of Dr. Hart from an unrelated state court case, **Stiller v. Standard Ins. Co.,** No. CGC-14-537817 (Cal. Sup. Ct., S.F. Cnty.). The court denied Standard's motion to strike this deposition transcript, reasoning that it was relevant to Standard's alleged bias, it was authenticated, it was being used against a party that was present at the deposition, and because the deposition was not "discovery" sought from Standard, the court's failure to strike would not "completely undermine" the purpose of limitations on discovery in ERISA cases. On the merits, the court concluded that Stephens' claim for disability benefits was supported by the record and Standard acted arbitrarily and capriciously in denying benefits without conducting an in-person examination, as two of Standard's own reviewing doctors recommended. The court ordered reinstatement of Stephens' benefits and ordered the parties to meet and confer with respect to the amount of benefits owed, as well as reasonable attorney's fees and costs.

**ERISA Preemption**

First Circuit

[Ewald v. Prudential Fin. Corp. Office Headquarters](), **No. 1:20-CV-00432-JAW, 2021 WL 2104635 (D. Me. May 25, 2021)** (Judge John A. Woodcock, Jr.). A magistrate judge granted Prudential's motion to dismiss the complaint of pro se plaintiff Ewald, noting that Ewald had not responded to the motion and finding that her state law claims regarding her long-term disability benefits were preempted by ERISA. Ewald objected, arguing that her claims were based on state law, but the district court upheld the magistrate's decision. The court explained in layperson's terms how ERISA preemption works, and informed Ewald that her claims were governed by federal law and had not been pled with sufficient specificity. The court dismissed Ewald's complaint and gave her leave to file a new complaint alleging claims for relief under ERISA.

Ninth Circuit

[Elena v. Reliance Standard Life Ins. Co.](), **Case No. 21-cv-0390-GPC-MDD, 2021 WL 2072373 (S.D. Cal. May 24, 2021)** (Judge Gonzalo P. Curiel). Plaintiff filed a first amended complaint, alleging that her employer paid into long-term disability insurance provided by defendant Reliance. Plaintiff quit her job due to her medical condition, eventually being diagnosed with lupus. Plaintiff's disability claim was denied, and she alleged she was repeatedly mocked, taunted, degraded, harassed, ignored and insulted by the claims administration agent during the claims handling process. Defendants filed a motion to dismiss plaintiff's intentional infliction of emotional distress claim on the basis that was pre-empted by ERISA, and even if it was not, it was time-barred by the statute of limitations. In a surprising move, the court declined to dismiss plaintiff's claim. The court held that ERISA does not preempt state law intentional infliction of emotional distress claims when the complaint concerns the ERISA administrator's conduct in berating and harassing the plaintiff, rather than the denial of benefits itself. Regardless of whether the claimant received or was denied disability benefits, the agent's alleged words were tortious. The court further held that plaintiff's intentional infliction of emotional distress claim was not time-barred, as the agent's conduct was well within the two-year statute of limitations period. Accordingly, the court denied defendants' motion.

**Exhaustion of Administrative Remedies**

Sixth Circuit

[Baker v. Iron Workers Local 25 Vacation Pay Fund](), **No. 20-1946, __ F.3d __, 2021 WL 2177666 (6th Cir. May 28, 2021)** (Before Circuit Judges Sutton, Daughtrey, and Griffin). Several construction companies and one union established a trust fund to subsidize employee vacations. The employer trustees sued the trust fund in federal district court, claiming they had a fiduciary duty under ERISA to ensure that the fund complied with the tax code. They sought a declaratory judgment and an injunction compelling the trust to amend its tax return. The union trustees intervened and filed a motion to dismiss, arguing that the dispute should be arbitrated pursuant to a provision in the governing collective bargaining agreement that required as much when the trustees were deadlocked over an issue of plan administration. The district court agreed and dismissed the case. The Sixth Circuit affirmed. Among its reasons for affirming the dismissal, the Sixth Circuit explained that ERISA made these claims premature because the employer trustees had an obligation to exhaust remedies under the plan before invoking ERISA in federal court.

Eighth Circuit

[Yates v. Symetra Life Ins. Co.](), **No. 4:19-CV-154 RLW, 2021 WL 2142433 (E.D. Mo. May 26, 2021)** (Judge Ronnie L. White). Plaintiff's husband died and she made an Accidental

Death & Disability claim. Symetra denied the claim and included language in the denial letter that informed plaintiff, "You may request a review of this determination by submitting your request in writing." Plaintiff did not submit a request for review and instead filed an action in state court. The plan and policy did not contain an administrative appeal procedure. Plaintiff argued the permissive "may" did not mandate an appeal and that an appeal cannot be imposed by the denial letter, but rather only by the policy's terms. The court disagreed with both arguments. An Eighth Circuit decision had already held that appeal language using the permissive "may" actually meant the claimant "must" appeal to bring a suit. The court found that the Eighth Circuit's "sound policy" rationale against courts examining benefits decisions based on initial denial letters, and ERISA's requirement that a benefit plan offer a "reasonable opportunity" for "a full and fair review" of a denial, led to the conclusion that "Plaintiff was required to exhaust the administrative appeal remedy she was given notice of in the Denial Letter, although there was no appeal provision or requirement in the Policy itself and the remedy was expressed in permissive language."

**Life Insurance & AD&D Benefit Claims**

Ninth Circuit
[**Mrkonjic v. Delta Family-Care & Survivorship Plan**](), **No. 19-56059, ___ Fed. Appx. ___, 2021 WL 2071973 (9th Cir. May 24, 2021)** (Before Circuit Judges Kleinfeld, Wardlaw, and Gould). In this dispute over ERISA-governed welfare benefits, Mrkonjic [had previously prevailed against Delta in the Ninth Circuit]() regarding the proper calculation of his long-term disability benefits. On remand, however, the district court ruled that Mrkonjic had waived the right to pursue a related benefit, namely a disability waiver of premium under Delta's life insurance plan. The district court further found that Mrkonjic's waiver of premium claim was barred by the rule of mandate. The Ninth Circuit reversed, finding that Mrkonjic had not waived his claim and it was not barred by the rule of mandate. The court found that the premium waiver was "part and parcel of his claim for wrongful denial of long-term disability benefits" and thus remanded to the district court to consider Mrkonjic's eligibility for the waiver of premium benefit.

**Medical Benefit Claims**

Third Circuit
[**Advanced Orthopedics & Sports Medicine Instit. v. Blue Cross Blue Shield of Alabama**](), **Case No. 3:20-cv-03545 (BRM) (TJB), 2021 WL 2177516 (D.N.J. May 28, 2021)** (Judge Brian R. Martinotti). Plaintiff Advanced Orthopedics, a professional practice orthopedics group, brought a lawsuit on behalf of its patient, SZ, for whom plaintiff's surgeon performed spinal surgery. Defendant Blue Cross Blue Shield of Alabama was the claims administrator of the medical expense reimbursement plan ("Plan") of which SZ was a participant. The Plan was self-funded by SZ's employer, VF Corporation, and governed by ERISA. Blue Cross Blue Shield of Alabama filed a motion to dismiss plaintiff's amended complaint. The court denied defendant's motion with respect to its argument that plaintiff lacked standing to assert a claim under ERISA. The court found that there was a factual issue as to whether defendant waived the anti-assignment clause in the Plan. The court determined that because defendant's waiver of the anti-assignment clause was adequately suggested by the allegations of the complaint, "and may be explored further in discovery, the court would need a more complete record of the course of dealing between the parties" before deciding the question of waiver. Accordingly, the court denied defendant's motion to dismiss the amended complaint for lack of standing. The court did,

however, grant defendant's motion to dismiss with respect to the equitable relief plaintiff sought under ERISA Section 502(a)(3). The court held that ERISA Section 502(a)(3) cannot be the legal basis for plaintiff to pursue removal relief, the amended complaint contained no factual allegation of any actual losses sustained by plaintiff beyond the benefits due or otherwise irremediable under ERISA Section 502(a)(1)(B), as required to pursue the surcharge relief, and the amended complaint did not mention any ill-gotten gains of defendants from its alleged fiduciary breach, as required to pursue the disgorgement relief. Accordingly, the court granted defendant's motion to dismiss with leave to amend.

Third Circuit
[Freitas v. Geisinger Health Plan, et al.](), **No. 4:20-CV-01236, 2021 WL 2156740 (M.D. Pa. May 27, 2021)** (Judge Matthew W. Brann). Plaintiffs brought this class action to recover medical costs that defendants demanded be repaid after plaintiffs settled an accident case against a third-party tortfeasor. Defendants argued they were entitled to reimbursement under the plan's subrogation clause because it unambiguously provides the right of reimbursement from plaintiffs. Plaintiffs argued the plan has no provision establishing a right of reimbursement and a subrogation clause is not synonymous with a reimbursement clause, the first being reimbursement from the insured and the second being reimbursement from a third party. Under an abuse of discretion standard, the court found the subrogation language to be ambiguous and stated that the defendants' failure to include a right of reimbursement provision in the plan precluded them from asserting that a right of reimbursement was supported by the plan's unambiguous text. The court then found that Defendants' interpretation of the subrogation provisions was an abuse of discretion because it was both logically unsound and legally erroneous. The court explained the subrogation clause is limited to third parties and there was no express provision for reimbursement. The court also declined to dismiss the breach of fiduciary duty claims because defendants did not establish a right of reimbursement under the plan.

**Pension Benefit Claims**

Second Circuit
[Grosso v. AT&T Pension Benefit Plan](), **No. 18 CIV. 6448, 2021 WL 2115210 (S.D.N.Y. May 25, 2021)** (Judge Lorna Schofield). Plaintiffs commenced an action against the AT&T Pension Benefit Plan and its administrator, AT&T Services Inc., after defendants denied plaintiffs' requests for retroactive unreduced pension benefits, allegedly in violation of ERISA. After several rounds of preliminary cross-motions, the court granted defendants' motion for summary judgment, while denying plaintiffs' motion for the same. The court rejected plaintiffs' argument that the 1998 Plan did not apply to them, and that their claims were governed instead by the AT&T Management Pension Plan, finding such arguments premature at this stage of litigation. Second, it rejected the argument that the Benefit Plan Committee (BPC) improperly considered extrinsic evidence and disregarded plaintiffs' showing that the plain language entitled them to retroactive benefits, concluding that it was proper to consider such evidence because it was done at the court's direction and to resolve ambiguity in plan language. Finally, the court rejected a myriad of factual arguments attacking the credibility of the extrinsic evidence, finding that BPC's interpretation and utilization of said evidence was neither "unsupported by substantial evidence" nor "erroneous as a matter of law."

Third Circuit
[Luense v. Konica Minolta Bus. Sols. U.S.A., Inc.](), **No. CV-206827-JMV-MF, 2021 WL**

2103231 (D.N.J. May 24, 2021) (Judge John Michael Vazquez). Defendants moved to dismiss a putative class action that alleged defendants breached their fiduciary duties by selecting and retaining investment options for the 401(k) plan that had unreasonably high fees and no system in place to review the investment options for their appropriateness. Defendants first argued plaintiffs have no standing because they were not invested in all the investment options at issue in the complaint. The court disagreed, finding that plaintiffs have standing because they alleged plan-wide injuries. Defendants also challenged whether the plan Committee, which they argued was the sole fiduciary responsible for the alleged conduct, was a fiduciary with respect to claims for imprudence. The court, however, refused to dismiss, noting allegations of mismanagement by the Committee, although the court did dismiss claims of disloyalty against the Committee as unsupported. The court likewise dismissed the claims based on imprudence and disloyalty against Konica because the court reasoned that Konica was not a fiduciary merely by being the plan sponsor and that the complaint failed to allege any fiduciary duties that were non-delegable or that Konica maintained after delegation. However, the court declined to dismiss a claim against Konica for breach of the duty to monitor its appointees. The court dismissed the claims against the Board of Directors because the only alleged decisions the Board made regarded how much to contribute to the plan, which the court found were not fiduciary acts and not at issue in the complaint. The court likewise dismissed the claims against individual Board members and the individual members of the Committee.

**Pleading Issues & Procedure**

Second Circuit

*McQuillin v. Hartford Life & Accident Ins. Co.*, 20-CV-2353(JS)(ARL), 2021 WL 2102480 (E.D.N.Y. May. 25, 2021) (Judge Joanna Seybert). Plaintiff objected to a magistrate judge's decision granting a 12(b)(6) motion for failure to exhaust administrative remedies, and permitting the insurer to add documents to the administrative record. The district court held that the magistrate's ruling was correct. The insurer had remanded the decision to its claims department for further review after the insured appealed the denial, meaning that remedies had not been exhausted when plaintiff filed in court. The decision to permit the insurer to add records related to that second review to the administrative record was not clearly erroneous and would stand.

Third Circuit
*J & S v. Abaline Paper Products, Inc.,* No. 2:20-CV-08234, 2021 WL 2177547 (D.N.J. May 27, 2021) (Judge Claire C. Cecchi). In this ERISA litigation over healthcare benefits, defendants filed a Rule 12(b)(1) motion to dismiss based on lack of subject matter jurisdiction, as well as a 12(b)(6) motion. The court held that Plaintiff Sorotzin's proffered power of attorney lacked the required specificity under state law to enable her to have standing in court. The court allowed her to amend the complaint to cure the deficiency. The court also held that Brainbuilders, a healthcare provider, could not bring suit against Aetna because of the anti-assignment clause in the ERISA plan. The court noted that if the plaintiffs could cure their pleading deficiencies, they had cognizable claims against Aetna. Finally, the court ruled that any state law claims brought were preempted by ERISA.

Fifth Circuit
*Lewellyan v. Red River Rehab, LLC*, No. 1:19-CV-01105, 2021 WL 2169280 (W.D. La. May 27, 2021) (Judge David C. Joseph). Plaintiff became disabled from performing her job

duties and submitted a claim for benefits under an ERISA-governed disability benefit plan. Guardian, the insurer and claims administrator, denied her claim on the ground she had no coverage, asserting she had not submitted a required evidence of insurability form with her enrollment. Plaintiff sued Guardian and her employer, after which the employer moved to dismiss her claims for estoppel and waiver. The court granted the motion regarding plaintiff's waiver claim, as plaintiff conceded the waiver claim was only asserted against Guardian. However, the court denied the employer's motion regarding estoppel. The employer only challenged one element of the estoppel claim – whether there were "extraordinary circumstances" to justify the claim – and the court found that the complaint properly alleged such circumstances. Specifically, the employer had "consistently deducted the premium amounts from her pay" and "represented that Plaintiff was enrolled in short-term and long-term disability coverage" under the plan.

***Provider Claims***

Sixth Circuit
***Miami Valley Hosp. v. Jones***, **No. 3:20-CV-320, 2021 WL 2158020 (S.D. Ohio May 27, 2021)** (Judge Michael J. Newman). Plaintiff MVH is a hospital that provided treatment to Jones, who was covered by an ERISA-governed health insurance plan and had assigned his claims to MVH. The claim administrator denied MVH's benefit claim because MVH did not specify if Jones' treatment was related to "employment, an auto accident, or some other cause or condition." Jones and MVH did not respond until more than a year later, when Jones called the administrator to tell it he had subrogation information related to an auto accident. The administrator refused to accept this new information and MVH sued. MVH filed a motion to supplement the administrative record with the information from Jones' telephone call, but the court denied it. The court found that Jones' call was placed after the plan's claim-perfection deadline, as well as the deadline to appeal, and was not information that was before the administrator when it denied MVH's claim. As a result, it was not relevant evidence.

***Retaliation Claims***

Third Circuit
[***Kairys v. Southern Pines Trucking, Inc***](.)***.,*** **No. 2:19-CV-1031-NR, 2021 WL 2073797 (W.D. Pa. May 24, 2021)** (Judge J. Nicholas Ranjan). Plaintiff underwent hip replacement surgery due to degenerative arthritis. Under its self-funded employee medical benefit plan, defendant had paid a portion of the bill. Plaintiff testified that he was informed by an officer of the company that the CEO was unhappy about the cost of the surgery. The CEO terminated plaintiff five months later, asserting that the company no longer needed someone in plaintiff's role and was eliminating the position for budgetary reasons. Among several claims, plaintiff alleged defendant retaliated and fired him to interfere with his rights under his benefit plan in violation of Section 510 of ERISA, namely his right to use his medical benefits. The court denied defendant's motion for summary judgment. The court determined that plaintiff had established a prima facie case of discrimination and therefore the burden shifted to defendant to articulate a legitimate non-discriminatory explanation for firing him and the court determined that it had done so. The court found plaintiff had met his burden to present sufficient evidence that defendant's explanation was pretextual, noting that a jury could find defendant's decision lacking in credibility and that statements by high-ranking officers of the company would be admissible as non-hearsay opposing party statements.

***Subrogation/Reimbursement Claims***

Eleventh Circuit
[Publix Super Markets, Inc. v. Figareau](#), **No. 8:19-cv-00545, __ Fed. Appx. __, 2021 WL 2065434 (11th Cir. May 24, 2021)** (Before Circuit Judges Pryor, Newsom, and Anderson). The daughter of defendants, Patricia Figareau and her husband, Frantz Paul, suffered a branchial plexus injury during delivery. Paul and Figareau filed a medical malpractice lawsuit and reached a settlement of $95,000 in settlement proceeds and a structured settlement of $750,000. Plaintiff Publix, the plan administrator for the Publix Super Markets, Inc. Group Health Benefit Plan (the "Plan"), filed a lawsuit to recover $88,846.39 paid by the Plan in medical expenses. The district court entered summary judgment in favor of Publix, holding that it was entitled to an equitable lien by agreement through the express language of the Plan on the settlement proceeds in the full amount paid by the Plan. Defendants appealed, claiming that Publix was only entitled to receive the fair value of the medical expenses necessitated by the negligence. The court of appeals affirmed, holding that the district court correctly found that the medical expenses paid were caused by "another party" and the Plan's unambiguous terms provided that as a condition of payment, the Plan is "entitled to first and full priority reimbursement out of any recovery to the extent of the Plan's payments."

***Withdrawal Liability & Unpaid Contributions***

Eighth Circuit
[Bell v. Architectural Woodwork, Inc.](#), **No. 4:18-CV-496 NAB, 2021 WL 2142458 (E.D. Mo. May 26, 2021)** (Mag. Judge Nannette A. Baker). Plaintiffs, trustees for a multi-employer pension plan, sued three related companies for unpaid contributions to the plan. One of the companies, Wood Ventures, filed a summary judgment motion. In opposing the motion, the plan argued that Wood Ventures was a "trade or business" under "common control" with the other defendant companies and thus the plan was entitled to collect from Wood Ventures. The court agreed that Wood Ventures was under "common control" with the other companies. However, the court found that Wood Ventures was created for the sole purpose of collecting a secured debt that one of the other companies owed to the owner of Wood Ventures. Its activities consisted of a one-time transfer of funds that took place after the other companies withdrew from the plan. As a result, it was not engaged in "trade or business" and was not liable for unpaid contributions.

Your ERISA Watch is made possible by the collaboration of the following Kantor & Kantor attorneys:  [Brent Dorian Brehm](#), [Jaclyn Conover](#), [Beth Davis](#), [Sarah Demers](#), [Elizabeth Green](#), [Elizabeth Hopkins](#), [Andrew Kantor](#), [Monica Lienke](#), [Anna Martin](#), [Susan Meter](#), [Tim Rozelle](#), [Peter Sessions](#), [Stacy Tucker](#), and [Zoya Yarnykh](#).

**Note from the Your ERISA Watch editors:**

Your ERISA Watch is edited by Elizabeth Hopkins and Peter Sessions. Each week our goal is to provide you with the benefit of the expertise of knowledgeable ERISA litigators who are on the frontline of benefit claim and fiduciary breach litigation. Although our firm represents plaintiffs, we strive to provide objective and balanced summaries so they are informative for the widest possible audience.

We include recent cases that have been picked up by Westlaw or sent to us by one of our readers. If you have a decision you'd like to see included in Your ERISA Watch, please send it to Elizabeth Hopkins at ehopkins@kantorlaw.net.

If you have any colleagues who might want to receive this free newsletter, they can subscribe here.

