UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TERRI M. YATES, ) | |
|        Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:19-cv-00154-RLW |
| ) | |
| SYMETRA LIFE INSURANCE CO., ) | |
|        Defendant. ) | |
| ) | |

## INTRODUCTION

Plaintiff Terri Yates ("Yates") seeks her fees and costs for the entire course of this litigation through January 19, 2022. She is eligible for fees she has achieved success on the merits. She is entitled to a fee award based on the five-factor test in this Circuit. The rates and hours incurred were reasonable and supported by several of the factors considered when approving a lodestar amount.

## PROCEDURAL HISTORY

The Complaint in this action was filed on January 9, 2019.[1] Yates sought damages for the wrongful denial by Symetra Life Insurance Co. ("Symetra") of the death benefit owed on account of the death of her husband, Johnny Yates. By Order and Memorandum dated January 3, 2022, this Court, applying a *de novo* standard of judicial review, found

---

[1] Affidavit of Attorney David Osborne dated February 25, 2022.  Docket 1.

1

that Symetra had wrongfully denied Yates' death benefits claim.[2]  Judgment on the Order was entered on January 3, 2022.[3]

Yates now asks this Court to award her attorney's fees and costs of $26,841.00 to Thomas, Birdsong, Mills, McBride & Osborne, P.C., and $45,870.00 to Kantor & Kantor, LLP, for the representation of Terri Yates through January 19, 2022.[4]  Yates also asks this Court to declare that an award respecting the above sums is without waiver or prejudice to Yates's right to seek additional fees and costs for proceedings January 19, 2022, because Symetra has appealed this Court's decision.

## ATTORNEY'S FEES

The hourly rate requested by Attorney David Osborne is $325/hour, and experienced counsel familiar with his work agree that such a rate is appropriate.[5]  The hourly rate requested for Attorney Glenn Kantor is $800/hour and for Sally Mermelstein is $700/hour, and experienced counsel familiar with their work agree that their experience commands an hourly rate higher than Mr. Osborne's.[6]

Mr. Osborne has been an attorney licensed to practice in the State of Missouri since 2012, and has practiced in business and employment litigation during this entire legal career.  Glenn Kantor has been an attorney since for over 35 years and is an expert ERISA litigator with an extremely impressive breadth of experience. The declaration of Glenn R.

---

[2] Docket 62.
[3] Docket 63.
[4] Affidavit and Motion for Attorney's Fees and Costs filed February 25, 2022.
[5] Affidavit of David A. Osborne and Declaration of J. Kent Robinson attached thereto.
[6] Declaration of Glenn R. Kantor and Declaration of Matthew Davis attached thereto.

Kantor, filed with Ms. Yates request for attorney's fees, more than amply demonstrates the basis for his requested hourly rate.[7] Sally Mermelstein has been an attorney since 2003 and is also an expert ERISA attorney. Her Declaration (attached as Exhibit 3 to the Declaration of Glenn R. Kantor) sets forth her wealth of experience with respect to ERISA and demonstrates that her requested hourly rate is appropriate

David A. Osborne has expended a total of 78.9 hours on this matter.[8] The hours worked and activities performed are identified in detail in Invoice 4941 from Thomas, Birdsong, Mills, McBride & Osborne, P.C., and amount to $26,841.00.[9] Yates has not paid any fees to that firm as this is a contingent fee case.

Glenn R. Kantor has expended a total of 12.1 hours on this matter and Sally Mermelstein has expended a total of 51.7 hours on this matter, as is set forth on Exhibit 3 to the Declaration of Glenn R. Kantor. At their respective hourly rates, their time amounts to $45,870.00.[10] Yates has not paid any fees to that firm as this is a contingent fee case.

This case required extra effort because Symetra continually asserted the existence of an administrative appeal requirement despite knowing that no such requirement existed in the plan. Symetra did so even though Yates raised this very issue from her Amended Petition onward.

## ARGUMENT

I. YATES ACHIEVED SOME SUCCESS ON THE MERITS AT ALL THREE POINTS DURING THE LITIGATION.

---

[7] Declaration of Glenn R. Kantor and Declaration of Sally Mermelstein attached thereto.
[8] Exhibit A attached to Affidavit of David A. Osborne.
[9] *Id*.
[10] Exhibit 3 to the Declaration of Glenn R. Kantor

The ERISA statute allows for an award of fees and costs by the Court.[11]  In *Hardt v. Reliance Standard Life Ins. Co.*,[12] the U.S. Supreme Court resolved what threshold of success must be achieved to be eligible for fees under 29 U.S.C. §1132(g).  The Supreme Court held that a party seeking fees need not be the prevailing party, it need only achieve "*some success on the merits*" to be eligible to do so.[13]

In this case, Yates is eligible for fees because, by virtue of the judgment in her favor, she has certainly achieved some success on the merits.

II.   YATES'S CASE SATISFIES THE FIVE-FACTOR TEST FOR PERMITTING AN AWARD OF FEES AND COSTS.

In *Martin v. Arkansas Blue Cross & Blue Shield*,[14] the Eighth Circuit joined with most circuit courts and held a court should review a fee motion by applying a non-exhaustive list of five factors.[15]

The first factor asks if there is bad faith or culpability by the party opposing the fees. Symetra's conduct in this case was culpable based upon the fact that Symetra knew at all relevant times that the plan at issue did, in any way, not contain an administrative appeal requirement, yet Symetra largely defended the case on basis that Yates failed to timely administratively appeal.

---

[11] (1) In any action under this subchapter (other than an action described in paragraph (2)) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.  29 U.S.C. §1132(g)(1).
[12] 560 U.S. 242, 255 (2010).
[13] *Id.*
[14] 299 F.3d 966, 971-72 (8th Cir. 2002), *cert. denied,* 123 U.S. 967 (2003).
[15] *Id.*

4

The second factor is the ability of the party opposing fees to pay them. Quoting Symetra's website, Symetra and its parent company "have total assets of over $370 billion (as of March 21, 2021)."[16] Further, based on financial reports from Symetra's website, Symetra had over $100 million in profit from adjusted pre-tax income from operations in 2019 and 2020.[17]

The third factor is whether an award will have a deterrent effect under similar circumstances. Symetra will be financially affected by having to pay attorney's fees in addition to paying benefits, and having to pay attorney's fees would deter a rational company from denying benefits based on a non-existent plan provision in the future.

It is important to realize that ERISA provides no other negative consequence to Symetra deny benefits based on a non-existent plan provision. The Supreme Court observed in *Massachusetts Mut. Life Ins. Co. v. Russell*:[18]

> the relevant text of ERISA, the structure of the entire statute, and its legislative history all support the conclusion that in § 409(a) Congress did not provide, and did not intend the judiciary to imply, a cause of action for extra-contractual damages caused by improper or untimely processing of benefit claims.[19]

Lower courts have continued to adhere to the rule that there are no economic benefits to claimants that ERISA provides for violations of the claims regulations.[20]

---

[16] See *http://investors.symetra.com/corporate-profile*.
[17] See *http://investors.symetra.com/static-files/f7d23915-718b-4092-9ef7-4a05209213e9*.
[18] 473 U.S. 134, 148 (1985).
[19] *Id.*
[20] *See e.g., Lewandowski v. Occidental Chem., Corp.,* 986 F.2d 1006, 1010 (6th Cir. 1993)("ERISA does not remedy procedural violations with a damage award"). *See also Regency Hosp. Co. of Northwest Arkansas LLC v. Arkansas Blue Cross Blue Shield*, 2010

The fourth factor is whether the party seeking fees sought to benefit all participants and beneficiaries or resolve a significant legal question regarding ERISA. Yates sought to clarify that no administrative appeal requirement can exist where the plan itself does not contain an administrative appeal provision. Such a determination would benefit all future participants under plans which do not contain an administrative appeal requirement.

The final factor is the relative merits of the parties' positions. Yates has been successful in this case as she has achieved judgment in her favor.

### III.   THE AMOUNT OF FEES REPRESENTS A REASONABLE RATE AND REASONABLE HOURS EXPENDED.

In *Hensley v. Eckerhart*,[21] the Supreme Court held that the lodestar fee was the starting point for determining the reasonableness of a fee. The lodestar requires multiplying the reasonable hourly rate by the reasonable number of hours expended. *Hensley* then proposed some additional factors that a court may consider in evaluating the lodestar amount.[22]

In this case the lodestar amount is based on a rate of $325/hour for David A. Osborne multiplied by 78.9 hours, a rate of $800/hour for Mr. Kantor multiplied by 12.1 hours, and a rate of $700/hour for Ms. Mermelstein multiplied by 51.7 hours. The total is $72,711.00.

These amounts were reviewed by other experienced attorneys, namely J. Kent Robinson and Matthew R. Davis, who both supplied declarations regarding their

---

WL 3119371*6 (E.D. Ark. 8/5/2010); *Pancotti v. Boehringer Ingelheim Pharmaceuticals, Inc.,* 2007 WL 2071624 *5 (D. Conn. 7/17/07).
[21] 461 U.S. 424, 429-430 n.3 (1983).

[22] *Christoff v. UNUM Life Ins. Co. of Am.*, 2019 WL 6717067 (D. Minn. 12/10/19).

6

reasonableness. The rates are also within the range of other lawyers in this legal market who focus their practice on ERISA cases.

The reasonableness of the fee is also supported by the fact that this is a contingent fee case. It is one that has remained unpaid since commencement of the action in January 2019. Finding counsel to take on a case such as this one where the issues are complex, but the policy benefit is only $50,000 can be difficult because the cost of litigation can easily be larger than the benefit owed. As such permitting a fee award will make ERISA cases more attractive and assure that people like Yates have assistance to vindicate their rights.

## **CONCLUSION**

For the foregoing reasons, Yates respectfully requests an Order of this Court providing the following:

(1) An award of fees in the amount of $26,841.00 to Thomas, Birdsong, Mills, McBride & Osborne, P.C., and $45,870.00 to Kantor & Kantor, LLP, for the representation of Terri Yates through January 19, 2022; and

(2) A declaration that such total award is without waiver or prejudice to Yates' right to seek additional fees and costs for proceedings after January 19, 2022, on account of Symetra's appeal of this Court's decision.

(3) Such other and further relief as the Court deems just and proper.

Respectfully submitted,

DATED: February 25, 2022            KANTOR & KANTOR, LLP

By:  */s/ Glenn R. Kantor*
Glenn R. Kantor #122643(CA), *pro hac vice*
Kantor & Kantor LLP

|  |  |
|---|---|
|  | 19839 Nordhoff Street<br>Northridge, CA 91324<br>gkantor@kantorlaw.net |
| DATED: February 25, 2022 | THOMAS, BIRDSONG, MILLS,<br>McBRIDE & OSBORNE, P.C.<br><br>By: */s/ David A. Osborne*<br>David A. Osborne, #64344MO<br>Thomas, Birdsong, Mills,<br>McBride & Osborne, P.C.<br>1100 N. Elm St.<br>Rolla, MO 65401<br>dosborne@rollalaw.com<br><br>**Attorneys for Plaintiff**<br>**Terri M. Yates** |

## CERTIFICATE OF SERVICE

In addition to those parties served with this document by the Court's CM/ECF system, the undersigned served a true and complete copy of this document by first class mail or other means as indicated upon each of the parties at the addresses listed below:

Daniel E. Tranen
*Attorney for Defendant*
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
101 West Vandalia Street, Suite 220
Edwardsville, IL 62025

/s/ *David A. Osborne*
David A. Osborne, # 64344MO

8