UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TERRI M. YATES, | ) |
|     Plaintiff, | ) |
| v. | ) No. 4:19-CV-154 RLW |
| SYMETRA LIFE INSURANCE COMPANY, | ) |
|     Defendant. | ) |

## MEMORANDUM AND ORDER

    This closed ERISA matter is before the Court on remand from the Eighth Circuit Court of Appeals, on the limited issue of Plaintiff/Appellee Terri M. Yates' motion for attorneys' fees on appeal. The Eighth Circuit issued its Mandate on March 22, 2023 (ECF No. 94). To date, no motion for attorneys' fees has been filed in this case.

    The Supreme Court has instructed that a "request for attorney's fees should not result in a second major litigation." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). The Eighth Circuit has echoed this viewpoint.  See Friends of the Boundary Waters Wilderness v. Thomas, 53 F.3d 881, 883 (8th Cir. 1995); Jenkins v. State of Missouri, 838 F.2d 260, 264 (8th Cir. 1988). "Ideally, of course, litigants will settle the amount of a fee." Hensley, 461 U.S. at 437; Jenkins, 838 F.2d at 264.

    The parties shall meet and confer and make a good faith attempt to resolve the issue of the amount of Ms. Yates' attorneys' fees before the Court will address the issue. The parties may meet in person, by telephone, or by video conference. Ms. Yates' motion for attorneys' fees shall certify to the Court the parties' efforts with respect to settling the fee issue. The certification shall include the date, time, and manner of the meeting, and the names of the individuals who participated therein.

    The parties' memoranda shall also state if there are contested issues of fact surrounding the claims for attorneys' fees, such that an evidentiary hearing is required. See Walitalo v. Iacocca, 968

F.2d 741, 750 (8th Cir. 1992). If a party claims the existence of a factual dispute, the party shall state the exact nature of the same.

Accordingly,

**IT IS HEREBY ORDERED** that by <u>May 24, 2023</u>, Plaintiff/Appellee Terri M. Yates shall file a motion for her attorneys' fees on appeal, accompanied by a memorandum in support not to exceed 15 pages, including the certification of good-faith effort to resolve required by this Order. Plaintiff/Appellee shall submit as an attachment to the memorandum in support her counsel's detailed billing statements for the appeal, including the hourly rate charged by each attorney.

**IT IS FURTHER ORDERED** that Defendant/Appellant Symetra Life Insurance Company may file a response memorandum by <u>June 7, 2023</u>, or within fourteen (14) days of the date the motion for attorneys' fees is filed, whichever is sooner, not to exceed 15 pages. Defendant/Appellant shall submit as an attachment to the response its counsel's detailed billing statements for the appeal, including the hourly rate charged by each attorney.

**IT IS FURTHER ORDERED** that Plaintiff/Appellee may file a reply memorandum, not to exceed 10 pages, within ten (10) days of the date any response is filed.

_____<br>
**RONNIE L. WHITE**<br>
**UNITED STATES DISTRICT JUDGE**

Dated this <u>24th</u> day of April, 2023.