UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TERRI M. YATES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 4:19-CV-154 RLW |
| | ) |
| SYMETRA LIFE INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This closed case under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq., is before the Court on remand from the Eighth Circuit Court of Appeals, on Plaintiff/Appellee Terri M. Yates' motion for attorneys' fees and costs on appeal. (ECF No. 99.) After the case was remanded, the Court ordered Plaintiff to file a motion for her attorneys' fees in this case, including her counsel's detailed billing statements and hourly rates, established a response time for Defendant Symetra Life Insurance Company, and directed that Symetra also submit its counsel's detailed billing statements and hourly rates. See Mem. and Order of April 24, 2023 (ECF No. 95). The parties were ordered to meet and confer in a good faith attempt to resolve the attorneys' fee dispute (id. at 1, 2), but this attempt was unsuccessful. The motion is fully briefed and ready for decision. For the following reasons, the Court will grant Plaintiff's Motion for Attorneys' Fees and Costs on Appeal (ECF No. 99) to the extent that Plaintiff is awarded attorneys' fees in the amount of $82,944.00. Plaintiff's motion for costs will be denied.

Also before the Court is Plaintiff's Motion for Prejudgment Interest (ECF No. 96). Symetra responded to the motion (ECF No. 97) and Plaintiff filed a reply (ECF No. 98). The motion is fully briefed and ready for decision. For the following reasons, the Court will grant Plaintiff's motion in part.

**I. Background**

This case was an action for $50,000 in accidental death benefits. Plaintiff Terry M. Yates' ("Plaintiff" or "Ms. Yates") husband, Johnny Yates, died from a heroin overdose on December 20, 2016, at the age of 50. At the time, Ms. Yates was a participant in an ERISA employee benefits group insurance policy provided by her employer. As Ms. Yates' spouse, Johnny Yates was an insured under the policy's coverages for Life Insurance and Accidental Death and Dismemberment. After her spouse's death, Ms. Yates filed claims under both coverages. Symetra paid the life insurance benefit but denied the accidental death benefit on the ground that Mr. Yates' death was excluded from coverage by an "intentionally self-inflicted injury" policy exclusion "in view of the fact that the cause of death was due to the insured's intentional act of using Heroin[.]" (ECF No. 42-4 at 3.)

This Court concluded Plaintiff was not required to exhaust administrative remedies that were not contained in the ERISA plan, that Symetra's decision to deny accidental death benefits was erroneous, and Plaintiff's claim was not barred by a policy exclusion. The Court entered judgment in Plaintiff's favor and awarded Plaintiff attorneys' fees of $54,058.50 after applying the lodestar analysis of Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). See Mem. and Order of May 23, 2022 at 5-16 (ECF No. 83).

Symetra appealed, and the Eighth Circuit Court of Appeals affirmed this Court's decision in all respects. See Yates v. Symetra Life Ins. Co., 60 F.4th 1109 (8th Cir. 2023). Plaintiff filed a motion for attorneys' fees and costs on appeal and then moved to remand the motion to this Court for hearing and determination. The Eighth Circuit granted Plaintiff's motion to remand her fee motion to this Court.

**II. Plaintiff's Motion for Attorneys' Fees and Costs on Appeal**

Plaintiff seeks attorneys' fees incurred in defending Symetra's appeal in the amount of $114,840.00, and costs incurred on appeal of $2,691.94. Symetra challenges a requested $150 per hour rate increase on appeal for one of Plaintiff's attorneys, Sally Mermelstein, and opposes the number of hours claimed as "unreasonable and grossly excessive." (ECF No. 103 at 3.)

A. Applicable Legal Standards

"ERISA Section 502(g)(1) . . . permits 'the court in its discretion [to] allow a reasonable attorneys' fee and costs of action to either party.'" Thole v. U.S. Bank, N.A., 873 F.3d 617, 630 (8th Cir. 2017) (quoting 29 U.S.C. § 1132(g)(1)). "[A]s a threshold matter, 'a fees claimant must show some degree of success on the merits before a court may award attorneys' fees under § 1132(g)(1).'" Id. (quoting Hardt v. Reliance Std. Life Ins. Co., 560 U.S. 242, 255 (2010)).

In deciding whether to award fees in ERISA cases, courts are guided by the five non-exclusive factors set forth in Lawrence v. Westerhaus, 749 F.2d 494, 496 (8th Cir. 1984) (per curiam), and "other relevant considerations as general guidelines for determining when a fee is appropriate." Martin v. Ark. Blue Cross & Blue Shield, 299 F.3d 966, 972 (8th Cir. 2002) (en banc). The factors are: "(1) the degree of the opposing parties' culpability or bad faith; (2) the opposing parties' ability to satisfy an award; (3) deterrence of others in similar circumstances; (4) whether the requesting parties sought to benefit all participants and beneficiaries of an ERISA plan, or to resolve a significant legal ERISA question; and (5) the relative merits of the parties' positions." Johnson v. Charps Welding & Fabricating, Inc., 950 F.3d 510, 525 (8th Cir. 2020) (citing Westerhaus, 749 F.2d at 496).

B. Discussion

Plaintiff prevailed on appeal and is therefore eligible for consideration for an award of attorneys' fees. See Hardt, 560 U.S. at 255. This Court carefully examined the five relevant factors

when it granted Plaintiff's initial motion for attorneys' fees and determined they weighed in favor of a fee award. See Mem. and Order of May 23, 2022 at 4-5 (ECF No. 83). As Symetra states it does not oppose Plaintiff's eligibility for an award of reasonable attorneys' fees on the appeal (ECF No. 103 at 2), the Court does not analyze the five factors again but instead finds the factors weigh in favor of fee award to Plaintiff based on its prior analysis, which it incorporates herein by this reference.

### 1. Plaintiff's Requested Attorneys' Fees

The party seeking the award must submit evidence supporting the requested hours and rates. "To calculate attorneys' fees, courts typically begin by using the lodestar method, which multiplies the number of hours reasonably expended by reasonable hourly rates." Bryant v. Jeffrey Sand Co., 919 F.3d 520, 529 (8th Cir. 2019) (citing Brewington v. Keener, 902 F.3d 796, 805 (8th Cir. 2018)). The Court must "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." Hensley, 461 U.S. at 434.

Courts may consider a number of factors in determining a reasonable attorneys' fee, including the time and labor required to litigate the case, the novelty and difficulty of the questions involved, the skill required to perform the services properly, customary fees, the results obtained, and awards in similar cases. See Orduno v. Pietrzak, 932 F.3d 710, 720 (8th Cir. 2019) (examining the factual complexity of the case); McDonald v. Armontrout, 860 F.2d 1456, 1459 & n.4 (8th Cir. 1988) (listing relevant factors). In addition, "When determining reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market rates." Bryant, 919 F.3d at 529 (quoting Hanig v. Lee, 415 F.3d 822, 825 (8th Cir. 2005)).

For purposes of the lodestar analysis, Plaintiff submits the following attorneys' hourly rates and hours expended in this matter:

| Attorney name | Hours | Rate | Total |
|---|---|---|---|
| Glenn R. Kantor | 68.4 | $700 | $ 47,880.00 |
| Sally Mermelstein | 111.6 | $600 | $ 66,960.00 |
| | | | $114,840.00 |

Plaintiff's motion is supported by declarations under 28 U.S.C. § 1746 of her attorneys, Mr. Kanton and Ms. Mermelstein, that describe their backgrounds and experience, and a spreadsheet showing their hours billed. (ECF Nos. 99-1, 99-2, 99-4). To support the fee request, Plaintiff also submits declarations from three attorneys that were filed in a case in the U.S. District Court for the Eastern District of Virginia.[1] Finally, Plaintiff resubmits the declaration of attorney Matthew Davis of Gallagher Davis, LLP, who represents plaintiffs in employee benefit litigation in this District. The Court previously considered Mr. Davis's declaration in connection with the district court fee award in this case. See Mem. and Order of May 23, 2022 at 6-7 (ECF No. 83). Mr. Davis opines that "the present market rate for attorneys' services with Ms. Mermelstein's experience in the St. Louis Market is $500 per hour." (ECF No. 99-6 at 3.)

Symetra does not challenge Mr. Kantor's hourly rate but argues Ms. Mermelstein's $600 hourly rate is excessive and that her hours should be billed at the $450 rate this Court previously determined was appropriate.

    a.  Ms. Mermelstein's Reasonable Hourly Rate

In its prior order awarding Plaintiff attorneys' fees, the Court carefully considered Ms. Mermelstein's experience and background. Plaintiff had sought a fee award of $700 per hour for Ms. Mermelstein's work. The Court thoroughly considered the issue and determined, based on its experience with this case, ERISA and other complex cases in general, and its knowledge of prevailing attorney hourly rates in this area and as awarded by this Court, that an hourly rate of

---

[1]One of the declarations from the Eastern District of Virginia case, that of attorney Richard D. Carter, is unsigned (ECF No. 99-5 at 11). See Rule 11(a), Fed. R. Civ. P.

$450 was appropriate. See Mem. and Order of May 23, 2022, at 10-11 (ECF No. 83). The Court notes that Plaintiff did not challenge any aspect of the Court's attorneys' fees award on appeal.

Plaintiff now argues the $450 rate is "inappropriately low" and requests an award of at least $600 per hour for Ms. Mermelstein's work on appeal. Plaintiff states this increased award is "largely predicated on her extraordinary successes at this Court, and the 4th and 9th Circuit Courts of Appeals in the period following this Court's determination of an appropriate hourly rate[.]" (ECF No. 100 at 3.) Plaintiff cites to the supporting Declaration of her attorney Glenn Kantor, which sets forth his opinions concerning Ms. Mermelstein's skills and qualifications. Mr. Kantor extolls the "extraordinary quality of [her] ERISA litigation and briefing skills," and cites to recent ERISA cases filed in the Eighth, Fourth, and Ninth Circuits in which Ms. Mermelstein prepared the briefing and obtained successful results. (ECF No. 99-1 at 6-9.) Mr. Kantor also points to the attorneys' declarations filed in the Eastern District of Virginia and by Mr. Davis in this case. Ms. Mermelstein also filed a declaration in support of a $600 hourly rate that includes largely similar information.

The Court previously recognized Ms. Mermelstein's years of experience, primarily in ERISA, and her specialization in ERISA appellate work at the Federal Circuit level. See Mem. and Order of May 23, 2022, at 11 (ECF No. 83). The Court also acknowledged that ERISA is a complex area of the law, and Ms. Mermelstein's work in the district court was of high quality. (Id.) That said, the Court is not persuaded that opinions from ERISA attorneys in the Eastern District of Virginia to support $600-$700 hourly rate requests for Ms. Mermelstein in the Fourth Circuit are useful in determining appropriate rates in St. Louis and the Eighth Circuit. Similarly, the U.S. District Court for the Northern District of California's decision to award Ms. Mermelstein a $650 hourly rate is not persuasive as to an appropriate rate in St. Louis and the Eighth Circuit. St. Louis attorney Mr. Davis's declaration states his opinion that the present rate for an attorney with Ms. Mermelstein's experience in the St. Louis market is $500 per hour, $100 per hour less than Plaintiff requests,

6

which undercuts Plaintiff's arguments. (ECF No. 99-6 at 3.) Further, Mr. Kantor's opinions as to Ms. Mermelstein's qualifications and reasonable hourly rate, and her own, are self-serving and therefore entitled to less weight.

That said, the Court finds there are reasons warranting an increase in Ms. Mermelstein's hourly rate for her appellate work in this case. First, in the Court's experience, appellate work normally commands a higher rate than trial-level litigation work. Second, Ms. Mermelstein's brief filed in the Eighth Circuit was of high quality and lengthy. Third, Ms. Mermelstein has gained additional seniority and appellate ERISA briefing experience since the prior fee award and has demonstrated success on appeal in several Circuits. Fourth, almost eighteen months have passed since the Court's prior fee award in this matter, and attorneys' hourly rates have increased with inflation as have other costs and prices. Considering these reasons and based on the Court's familiarity with hourly rates in the St. Louis area, as well as its prior discussion concerning Ms. Mermelstein's experience, the Court will increase Ms. Mermelstein's hourly rate to $500.00 for her work on appeal.

b. Hours Reasonably Expended

Symetra challenges the hours billed by Plaintiff's attorneys as unreasonable and excessive. As a threshold matter, Symetra states that the "appeal in this case involved *one* substantive issue, namely whether this Court had erred in determining that Plaintiff's claim for accidental death benefits was not barred by any exclusion in the Plan documents which required her to exhaust her administrative remedies before filing her lawsuit." (ECF No. 103 at 8.) This is incorrect. Symetra asserted a second substantive issue on appeal: that "it properly denied Plaintiff's claim for

accidental death benefits under an 'intentionally self-inflicted injury' exclusion to coverage."[2] Yates, 60 F.4th at 1116-19.

Symetra first contends the hours billed are excessive because the administrative exhaustion issue was fully briefed in the Rule 59(e) motion and reply memorandum prepared by Mr. Kantor and Ms. Mermelstein and filed in this Court. Symetra states they billed 56.98 hours for the Rule 59(e) briefing, which was approved by this Court in the May 23, 2022, Memorandum and Order. It asserts that Mr. Kanton and Ms. Mermelstein expended an additional 180 hours on appeal, three times the hours they expended in representing Plaintiff before this Court, and nearly 100 hours more than Symetra's counsel expended in the appeal, in briefing essentially the same issue that was already fully research, drafted, and edited before this Court. Symetra argues that other than "some supplemental case law, *there is nothing substantively or substantially different between what Ms. Mermelstein prepared and filed with this Court from what she prepared and filed on appeal.*" (ECF No. 103 at 10.)

Symetra next contends that Mr. Kantor's billing of 40 hours in preparing for oral argument and traveling to and from California is excessive and unreasonable, given his 36 years of experience handling ERISA claims and the $700 hourly rate this Court awarded him based on that experience. Symetra states this is more than double the hours billed by its counsel preparing for the argument and traveling from Philadelphia. Symetra also asserts that Mr. Kantor's time entries for argument preparation and travel time on September 18 and 19, 2022, are inadequate because they contain no substantive descriptions of any work completed and do not indicate what portion of each eight-hour day was spent on travel. Symetra argues there should be a reduction in travel time due to the extensive distance. (ECF No. 103 at 12, 13.) It also asserts that Mr. Kantor's billing of 3.0 hours on

---

[2]Symetra's argument in connection with the district court attorneys' fee award was also based on an incorrect description of the number of issues in controversy at that time. See Mem. and Order of May 23, 2022 at 14-15 (ECF No. 83).

February 26, 2023, for reviewing "case law re basis for seeking multiplier for obtaining published decision creating Circuit precedent," should not be recoverable as such a multiplier was never sought and would not be awarded.

Symetra also asserts that Mr. Kantor and Ms. Mermelstein's billing entries lack specificity, making it impossible to address how much time was spent on individual activities. Symetra states that Ms. Mermelstein entered "draft answering brief," "edit brief," or "finalize brief" for most of her entries, and Mr. Kanton entered "continue preparation for oral argument" for most of his entries. It states that some of the entries are repetitive, identifying Mr. Kantor's claim he spent 3.2 hours reviewing and editing the brief drafted by Ms. Mermelstein, despite his statements "boasting … about [her] experience and expertise in preparing ERISA briefs[.]" (ECF No. 103 at 12.)

Plaintiff responds that when Symetra chose to appeal this Court's ruling to the Eighth Circuit, it raised the stakes and Plaintiff's counsel's obligations, as Symetra was arguably seeking to establish Circuit case law that would have been highly unfavorable to millions of employees working in the Eighth Circuit. Plaintiff states her counsel were no longer working just to advance her interests, but also to protect the interests of all workers with ERISA-governed benefits within the Circuit and as a result "could not afford to put in anything less than the highest level of work, due to the potential adverse impact a decision reversing this Court would have had[.]" (ECF No. 104 at 4.)

In response to Symetra's criticism of vague billing entries, Plaintiff asserts that in drafting Circuit level briefing, identifying time as "brief drafting" and "preparing for oral argument" are sufficiently detailed, and "[d]etailing brief preparation by the minute is both unnecessary and a waste of time." (Id.) Plaintiff states, "Brief drafting consists of researching, analyzing the cases, applying the facts to the law, and drafting … the same tasks are performed singularly and sometimes simultaneously." (Id.) Plaintiff states that preparation for "oral argument is basically the

9

same in every case" and requires reading the record, the briefs, and the cases, preparing a presentation, considering questions the Circuit panel might ask, preparing answers to the theoretical questions, and then repeating the process. (Id.) Plaintiff contends the preparation time was unavoidable, and that the explanation of what constituted the briefing time and the oral argument preparation time is adequate for the Court to assess the reasonableness of the hours billed.

As an initial matter, Plaintiff's vague and nondescriptive billing entries have caused the Court some difficulty in evaluating whether Ms. Mermelstein and Mr. Kantor's billing represents reasonable hours expended. While Plaintiff now explains in her reply brief what specific actions are encompassed by the terms "preparing briefing" and "preparing for oral argument," her attorneys' billing records do not provide these kinds of explanation, however.

Any appeal will involve many of the same issues that were in controversy at the trial court level. The Court does not agree with Symetra's assertion that the issues on appeal were "already fully researched, drafted, and edited" before this Court, or that apart from "some supplemental case law, *there is nothing substantively or substantially different between what Ms. Mermelstein prepared and filed with this Court from what she prepared and filed on appeal*." (ECF No. 103 at 10.) The Court has carefully reviewed Plaintiff's Rule 59(e) briefing and the forty-nine-page appeal brief. Plaintiff's arguments on appeal are significantly more developed and expanded than those presented to this Court were, and they include more detailed analyses of relevant Eighth Circuit cases and persuasive cases from other Circuits, as well as policy arguments. The Court finds merit in Plaintiff's assertion that this appeal required a high level of work due to the potential adverse impact on ERISA participants in this Circuit if this Court's decision had been reversed. In addition, Plaintiff was required to respond to new arguments raised by Symetra on appeal, including that the Eighth Circuit should remand the case and that the substantial compliance doctrine applied. That said, the Court does find that an expenditure of 100 hours by a highly experienced ERISA attorney

to prepare a single appeal brief is excessive, where that attorney briefed similar issues in the underlying case in the District Court.

The Court also finds that for an attorney of Mr. Kantor's experience with ERISA matters and oral argument, forty hours of preparation for oral argument of this case—block billed in four eight-hour segments—is excessive. This is particularly problematic for entries on September 18, 2022, where Mr. Kantor did not identify the portion of time spent in travel, as opposed to argument preparation, and September 20, 2022, where an additional eight hours was billed for oral argument and return travel. Further, the Court will not award attorney travel time at the full rate of $700 per hour. The Court will disallow as nonrecoverable the three hours Mr. Kantor billed for researching the issue of a multiplier for obtaining a published Circuit decision. However, it does not find the time Mr. Kantor spent in reviewing and commenting upon the appeal brief to be excessive.

For these multiple reasons, the Court finds Plaintiff's attorneys' fees as claimed are excessive and are not sufficiently supported by the billing records. Consequently, the Court will reduce both Ms. Mermelstein's and Mr. Kantor's billed hours by twenty percent to reach a reasonable attorneys' fee award. This is a reduction of 22.32 hours for Ms. Mermelstein and 13.68 hours for Mr. Kantor.

The Court will award Plaintiff her attorneys' fees as follows:

| Attorney name | Hours | Rate | Total |
|---|---|---|---|
| Glenn R. Kantor | 54.72 | $700 | $ 38,304.00 |
| Sally Mermelstein | 89.28 | $500 | $ 44,640.00 |
| | | | $ 82,944.00 |

   2. *Plaintiff's Motion for Costs on Appeal*

Plaintiff seeks costs on appeal in the amount of $2,691.94. This request is supported by the Supporting Declaration of Glenn Kantor, which is signed under penalty of perjury. (ECF No. 99-1.) The Kantor Declaration states with respect to costs: "Attached as Exhibit '2' is an itemization of the

11

costs expended by Kantor & Kantor related to the filing of the briefs at the Eighth Circuit, and cost of traveling to and appearing at the oral argument. Those amounts equal $2,691.94." (Id. at 9, ¶26.)

Kantor Declaration Exhibit 2 lists three categories of expenses: "client related costs," "court fees," and "travel expenses." (ECF No. 99-3 at 2). Exhibit 2 provides some information about these costs, including the payee and amount of each expense, but only the travel expenses category lists descriptions that permit the Court to identify the purpose of the expenditures. The travel expenses were $1,000 to Southwest Airlines for "Flight to St. Louis" and $812.61 to Lowe's Hotel for "St. Louis Accommodation." (Id.) The two "client related costs" were payable to Integrity Legal Corp. for "Invoice #146928'" and "Invoice #147218." (Id.) One of the two "court fees" costs was for "SMermelstein 8th Circuit," but the other lacks any description. None of the expenses are supported by receipts.

Authority for awarding costs on appeal is found in Federal Rule of Appellate Procedure 39(a)(2), which provides that "if a judgment is affirmed, costs are taxed against the appellant[.]" The Rule includes the following requirements:

> **(d) Bill of Costs: Objections; Insertion in Mandate**.
>
> (1) A party who wants costs taxed must--within 14 days after entry of judgment--file with the circuit clerk and serve an itemized and verified bill of costs.
>
> (2) Objections must be filed within 14 days after service of the bill of costs, unless the court extends the time.
>
> (3) The clerk must prepare and certify an itemized statement of costs for insertion in the mandate, but issuance of the mandate must not be delayed for taxing costs. If the mandate issues before costs are finally determined, the district clerk must--upon the circuit clerk's request--add the statement of costs, or any amendment of it, to the mandate.
>
> **(e) Costs on Appeal Taxable in the District Court**. The following costs on appeal are taxable in the district court for the benefit of the party entitled to costs under this rule:
>
> (1) the preparation and transmission of the record;

12

>   (2) the reporter's transcript, if needed to determine the appeal;
>
>   (3) premiums paid for a bond or other security to preserve rights pending appeal; and
>
>   (4) the fee for filing the notice of appeal.

Rule 39, Fed. R. App. P.

Additional requirements for appellate cost awards are found in Eighth Circuit Local Rule 39A, titled Taxation of Costs, which corresponds to Rule 39, Fed. R. App. P., and provides in part: "The prevailing party may file a bill of costs within 14 days after the entry of judgment. Untimely bills will be denied unless a motion showing good cause is filed with the bill." 8th Cir. L.R. 39A(b). The Rule further provides, "The bill of costs must be itemized and verified. Any receipts must be attached as exhibits to the bill of costs." 8th Cir. L.R. 39A(c).

The Court must determine whether Plaintiff's bill of costs meets the rules' requirements. Plaintiff's motion for attorneys' fees and costs was timely filed. The Eighth Circuit does not have a prescribed bill of costs form and will accept as a "bill of costs" any document(s) that meet the requirements of the rules set out above. As previously stated, Plaintiff's bill of costs—which the Court finds consists of the Kantor Declaration and Exhibit 2 thereto—is signed under penalty of perjury and is partially itemized. However, it fails to provide sufficient information for the Court to determine whether certain costs were necessarily expended, and it is not supported by any receipts as required by Eighth Circuit Local Rule 39A(c).

Setting aside these deficiencies, Plaintiff's bill of costs is fatally deficient because it is not accompanied by the statutorily required form of verification. "Before a . . . court is permitted to award costs to a prevailing party, the prevailing party *must* submit an affidavit meeting non-discretionary statutory requirements:

>   Before any bill of costs is taxed, the party claiming any item of cost or disbursement *shall attach thereto an affidavit*, made by himself or by his duly

13

>authorized attorney or agent having knowledge of the facts, *that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed.*

28 U.S.C. § 1924 (emphasis added)." Reece v. Bank of New York Mellon, 760 F.3d 771, 779 (8th Cir. 2014) (prevailing party submitted a bill of costs form (AO 133) containing a standardized declaration "under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed," but was prohibited from receiving a cost award where counsel failed to sign the declaration).

Here, Mr. Kantor does not declare under penalty of perjury that the claimed cost items were "correct" and "necessarily incurred in the case." See Reece, 760 F.3d at 779; 28 U.S.C. § 1924. Consequently, "Because the statute leaves no room for discretion, [Plaintiff] is prohibited from receiving an award of costs." Id.; 28 U.S.C. § 1924. The Court notes that Plaintiff was denied costs as a prevailing party at the District Court level for a similar deficiency. See Mem. and Order of May 23, 2022, at 16-17 (ECF No. 83). As such, Plaintiff was on notice of § 1924's requirements for an award of costs.

In any event, the Court could not award Plaintiff costs for air travel or hotel expense because these are not permissible items of allowable cost. The statutory authorization for taxation of costs is found in 28 U.S.C. § 1920. "Allowable costs in most cases are limited to the categories set forth in 28 U.S.C. § 1920, and expenses not on the statutory list must be borne by the party incurring them. Brisco-Wade v. Carnahan, 297 F.3d 781, 782 (8th Cir. 2002). Taxable costs under § 1920 include: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are

14

necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts and interpreters under 28 U.S.C. § 1828. 28 U.S.C. § 1920.

C. Conclusion

For the reasons discussed above, the Court will grant Plaintiff's Motion for Attorneys' Fees on Appeal in the amount of $82,944.00.  Plaintiff's motion for costs on appeal is denied.

**III.  Plaintiff's Motion for Prejudgment Interest**

Plaintiff seeks prejudgment interest under 29 U.S.C. § 1132(a)(3)(B) as "other appropriate equitable relief" on her successful claim for the $50,000.00 accidental death benefit at issue in this case. Plaintiff seeks prejudgment interest from June 27, 2017, the date Symetra wrongfully denied her claim for benefits. Symetra does not challenge the starting date for prejudgment interest and the Court will accept it as correct. Plaintiff requests interest pursuant to 28 U.S.C. § 1961 at the rate of 4.34%, compounded annually. Symetra concedes that Plaintiff is entitled to prejudgment interest but disputes the interest rate sought by Plaintiff.

A.  Discussion

ERISA does not provide express statutory authority for an award of prejudgment interest, but the Eighth Circuit Court of Appeals has held that an award of prejudgment interest may be necessary so that plan participants obtain "appropriate equitable relief" under 29 U.S.C. § 1132(a)(3)(B). Kerr v. Charles F. Vatterott & Co., 184 F.3d 938, 945 (8th Cir. 1999). "While one purpose of the remedy is to compensate the prevailing party for financial damages incurred, id. at 946, another important purpose is to 'promote settlement and deter attempts to benefit unfairly from the inherent delays of litigation.'" Christianson v. Poly-America, Inc., Med. Ben. Plan, 412 F.3d 935, 941 (8th Cir. 2005) (quoting Stroh Container Co. v. Delphi Indus., Inc., 783 F.2d 743, 752 (8th Cir. 1986)). "A common thread throughout the prejudgment interest cases is unjust enrichment—the

15

wrongdoer should not be allowed to use the withheld benefits or retain interest earned on the funds during the time of the dispute." Id. (quoting Kerr, 184 F.3d at 946).

Here, Plaintiff was denied accidental death benefits for a period of approximately four and a half years before final judgment was entered in her favor on January 3, 2022. Symetra continued to have the use of the money during this period, and the exact amount of liability was never at issue. The questions were whether Plaintiff failed to exhaust required administrative remedies, whether Symetra's decision to deny accidental death benefits was erroneous, and whether a policy exclusion applied. Under these circumstances, an award of prejudgment interest is appropriate. See Dependahl v. Falstaff Brewing Corp., 653 F.2d 1208, 1219 (8th Cir. 1981) (concluding prejudgment interest was properly awarded where the amount of liability was not at issue and comparable questions existed). And, as already stated, Symetra does not dispute that prejudgment interest should be awarded.

In the Eighth Circuit, 28 U.S.C. § 1961 provides the proper measure for determining rates of both prejudgment and post-judgment interest. Dependahl, 653 F.2d at 1219. Section 1961 provides that "interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). "Interest shall be computed daily to the date of payment . . . and shall be compounded annually." Id., § 1961(b). "[Section] 1961 provides the proper measure for determining rates of [prejudgment interest] under ERISA." See also Mansker v. TMG Life Ins. Co., 54 F.3d 1322, 1331 (8th Cir. 1995) (citing Dependahl and applying § 1961 to determine the proper award of prejudgment interest).

As noted above, the parties' disagreement concerns the proper rate of prejudgment interest. Plaintiff contends the weekly average one-year constant maturity Treasury yield should be

16

calculated as of the week before the Eighth Circuit issued its mandate on appeal, at the rate of 4.34%, for a total of $14,061.91 through April 27, 2023. (ECF No. 96 at 2.) Symetra responds that pursuant to § 1961, the weekly average Treasury yield for the date of this Court's Judgment, January 3, 2022, sets the proper rate at 0.41%, for a total of $1,195.83. (ECF No. 97 at 1-2.)

Plaintiff replies that an award of prejudgment interest "is to make sure the judgment does not 'fall short of making the claimant whole because he or she has been denied the use of money which was legally due.'" (ECF No. 98 at 1) (citing Stroh Container, 783 F.2d at 752). Plaintiff argues Symetra is "trying to benefit from the fact that interest rates were set artificially low as a matter of monetary policy intended to counteract the economic effects of the COVID-19 pandemic." (Id. at 2.) Plaintiff states that using data for the Consumer Price Index, she would need to receive $61,610.50 now in order to have the equivalent purchasing power she would have had if Symetra had paid her claim in 2017. Plaintiff asks the Court to exercise its equitable powers to make her whole and not allow Symetra to benefit financially from denying her claim, and contends that "if the Court believes the 0.41% interest rate … is proper, [it] should award Plaintiff $12,820.54 in prejudgment interest (which represents $11,610.50 to prevent Plaintiff from losing the value of her benefit due to inflation, plus $1,210.04 of interest)." (Id. at 3.)

Plaintiff's equitable arguments have some appeal, but she has not cited any supporting authority that would permit the Court to ignore Eighth Circuit precedent holding that § 1961 provides the proper measure of prejudgment interest under ERISA. Plaintiff also cites no authority that would authorize the Court to ignore § 1961's plain language—which ties the prejudgment interest rate to the weekly average Treasury rate as of the date of *entry of judgment*—and instead make an equitable, discretionary award of additional prejudgment interest tied to the Consumer Price Index. Pursuant to § 1961, the weekly average 1-year constant maturity Treasury yield from

17

the calendar week preceding the Court's January 3, 2022 Order and Judgment that found Plaintiff entitled to accidental death benefits was 0.41%.

Plaintiff asserts in her Reply that Symetra incorrectly used simple interest to calculate the amount owed instead of annually compounded interest as directed by § 1961, and states that the correct calculation using 0.41% interest is $1,210.04 instead of $1,195.83. (ECF No. 98 at 1-2.) The Court does not express any opinion on the correctness of Plaintiff's calculation but agrees that the interest must be annually compounded.

Consequently, the Court will grant Plaintiff's motion for an award of prejudgment interest at the rate of 0.41%, computed daily and compounded annually, from June 17, 2017, to the date of entry of judgment, January 3, 2022.

B.  Conclusion

For the foregoing reasons, Plaintiff's motion for prejudgment interest will be granted to the extent that Plaintiff is entitled to an award of prejudgment interest at the rate of 0.41%, computed daily and compounded annually, from June 27, 2017, to January 3, 2022.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Terri M. Yates' Motion for Attorneys' Fees and Costs (ECF No. 99) is **GRANTED in part** and **DENIED in part**.  The Motion is **GRANTED** to the extent Plaintiff is awarded attorneys' fees on appeal in the amount of Eighty-Two Thousand Nine Hundred Forty-Four Dollars ($82,944.00), and is **DENIED** as to costs on appeal.

**IT IS FURTHER ORDERED** that Plaintiff Terri M. Yates' Motion for Prejudgment Interest (ECF No. 96) is **GRANTED** to the extent Plaintiff is entitled to an award of prejudgment interest on the $50,000 accidental death benefit at the rate of 0.41%, computed daily and compounded annually, from June 27, 2017, to January 3, 2022.

A Second Amended Judgment that includes the attorneys' fee award on appeal and prejudgment interest will accompany this Memorandum and Order.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 25th day of October, 2023.